379 So.2d 431 (1980)
Jerry R. GUNN, Appellant,
v.
STATE of Florida, Appellee.
No. 79-2024.
District Court of Appeal of Florida, Second District.
January 30, 1980.
SCHEB, Judge.
Jerry R. Gunn appeals from an order summarily denying his motion to vacate under Florida Rule of Criminal Procedure 3.850. The only allegation in the motion which appears to have any facial merit is Gunn's contention that he did not enter his plea of nolo contendere voluntarily. He avers that both before and during his appearance in court, he was under the effect of tranquilizers prescribed by a jail physician, and that he would not have entered a nolo contendere plea had his mental faculties not been diminished.
We have reviewed the transcript of Gunn's plea hearing. Although the trial judge conducted a thorough colloquy to otherwise determine voluntariness, and establish a factual basis for the plea, the transcript of said hearing, read as a whole, does not directly or indirectly refute appellant's allegation that he was under medication *432 which so diminished his mental capacity as to render his plea involuntary.
We can sustain summary denial of a motion for post conviction relief only where "the motion and the files and records in the case conclusively show that the prisoner is entitled to no relief... ." Fla.R.Crim.P. 3.850; see Merritt v. State, 165 So.2d 245 (Fla.2d DCA 1964). Since the record in this case does not conclusively refute Gunn's allegation that his plea was involuntary, he is entitled to an evidentiary hearing on this allegation. For Gunn to prevail, he must present substantial evidence establishing that he was taking tranquilizers at the time he entered his nolo contendere plea and that the tranquilizers' influence on him prevented him from having a full understanding of the significance of his plea.
Accordingly, we reverse the trial court's decision, remand and direct the court to afford Gunn an evidentiary hearing to determine whether his condition at the time of his plea rendered him incapable of fully understanding the significance of the plea and its voluntariness as required by Florida Rule of Criminal Procedure 3.170(j).
HOBSON, Acting C.J., and OTT, J., concur.