PER CURIAM.
Darrell L. Chapman appeals from an order summarily denying his motion for post-conviction relief under Florida Rule of Criminal Procedure 3.850. Appellant raised two allegations in his motion.
The trial court was correct in denying appellant’s initial allegation that he was denied effective assistance of counsel.
However, appellant’s second allegation that his plea was involuntarily entered into, in that he was on psychotropic drugs and not of a sound mind, if true, may entitle appellant to relief. The trial court, nonetheless, failed to conduct an evidentiary hearing or attach portions of the record which refute this allegation.
Accordingly, we reverse in part the trial court’s denial of appellant’s motion and remand the case to the trial court. On remand, the trial court may either again summarily deny the motion as to appellant’s second allegation and attach to its order those portions of the record which conclusively show that appellant is not entitled to relief or hold an evidentiary hearing and then rule on appellant’s second allegation as stated in his motion. See Fla.R.Crim.P. 3.850; see also, Jones v. State, 421 So.2d 55 (Fla. 1st DCA 1982); Gunn v. State, 379 So.2d 431 (Fla. 2d DCA 1980).
Affirmed in part, reversed in part, and remanded.
SCHEB, A.C.J., and SCHOONOVER and LEHAN, JJ., concur.