RYDER, Acting Chief Judge.
Steven James Schuck appeals the summary denial of his motion for post-convic *194 tion relief under Florida Rule of Criminal Procedure 3.850.
Appellant alleges three separate grounds in his motion. The first is that his plea of guilty was not knowingly or voluntarily given because he was mentally incompetent as a result of the administration of psychotropic drugs by the jail medical authorities. If true, this might entitle appellant to post-conviction relief. Gunn v. State, 379 So.2d 431 (Fla. 2d DCA 1980).
The trial judge denied this point of the motion on the ground that the issue was litigated on direct appeal. The record of the direct appeal reveals that the issue was not raised and was properly before the trial court in the motion for post-conviction relief. Appellant’s remaining grounds alleging ineffective assistance of counsel and denial of due process were properly denied by the trial court.
Accordingly, we reverse in part the denial of appellant’s motion. On remand, the court may either again summarily deny the motion as to the allegations specified above and attach to its order those portions of the record which conclusively show appellant is not entitled to relief or hold an evidentiary hearing and then rule on the grounds. In the event the trial court again denies the motion, appellant must file a notice of appeal within thirty days to obtain further appellate review.
Affirmed in part, reversed in part, and remanded with directions.
SANDERLIN, J., and BOARDMAN, EDWARD F. (Ret.), J., concur.