PARKER, Judge.
James Slater petitions this court for cer-tiorari and seeks review of a denial of his motion for post-conviction relief in county court, which was affirmed by the circuit court acting in its appellate capacity. We have jurisdiction. Fla.R.App.P. 9.030(b)(2)(B); Art. V, § 4(b)(3), Fla. Const. We grant the petition and quash the circuit court’s opinion.
In 1987 Slater, who was not represented by an attorney, pleaded no contest* to a charge of criminal mischief, and a county judge sentenced him to ten days in jail. The next day Slater filed a motion for post-conviction relief, pursuant to Florida Rule of Criminal Procedure 3.850, and sought to withdraw his plea. In his motion, Slater alleged that he was taking medication at the time of the plea which impaired his ability to understand the consequences of the plea. The county judge denied the motion, observing in his order that he reviewed the file and heard the plea. No attachments accompanied the order.
Slater appealed to circuit court, arguing that the record did not show conclusively that he was entitled to no relief in that his claim of impaired mental state was not rebutted. The circuit court affirmed the trial court’s order, because it found that Slater “failed to provide a record to establish that the trial court erred in denying the motion for post-conviction relief.”
Slater now has petitioned this court for certiorari review, arguing that the circuit court’s failure to apply the appropriate standard of review entitles him to relief. We agree.
In order for Slater to be entitled to relief by writ of certiorari, he must demonstrate that the court below departed from the essential requirements of the law. See Combs v. State, 436 So.2d 93 (Fla.1983). The state concedes both that there was a record and that the circuit court erred in affirming the denial of relief on the basis of the absence of a record. Florida Rule of Appellate Procedure 9.140 provides:
Appeals from Summary Denial of Motion for Post-Conviction Relief under Fla.R.Crim.P. 3.850. An appeal from an order denying relief under Fla. R.Crim.P. 3.850 without a hearing shall be commenced as prescribed by Rule 9.110. The clerk of the lower tribunal shall forthwith transmit to the court as the record conformed copies of the motion, order, motion for rehearing and order thereon, with a certified copy of the notice. No briefs or oral argument shall be required. Unless the record shows conclusively that the appellant is entitled to no relief, the order shall be reversed and the cause remanded for an evidentiary hearing. The court may request a response from the State before ruling.
Fla.R.App.P. 9.140(g) (emphasis added). The state further concedes that based upon *871 this court’s holding in Gunn v. State, 379 So.2d 431 (Fla. 2d DCA 1980), Slater’s motion for post-conviction relief is sufficient to warrant an evidentiary hearing, although the state suggests we reevaluate the Gunn decision in light of Sturgis v. Goldsmith, 796 F.2d 1103 (9th Cir.1986). We decline to do so.
The bottom line in this case is that once Slater filed his motion for post-conviction relief in county court, unless that motion and the files and records conclusively showed that Slater was entitled to no relief, the county judge was required to order the state attorney to respond to the petition and then determine the need or lack of need for an evidentiary hearing before ruling upon Slater’s motion. Because we find that Slater may have alleged a claim for relief based on Gunn, the county judge’s summary denial of the motion was error. Further, we find the circuit court erred in its order, because there was a record transmitted to it on appeal, and the record, based upon Gunn, does not show conclusively that Slater is entitled to no relief. See Fla.R.App.P. 9.140(g).
We conclude that Slater has satisfied the Combs test by showing that the court below departed from the essential requirements of the law. Accordingly, we grant Slater’s petition for certiorari and quash the circuit court’s opinion. We remand this matter to the circuit court to enter an opinion which directs the county court to order the state attorney to respond to the allegations contained in Slater’s motion and then determine whether an evidentiary hearing is required.
RYDER, A.C.J., and LEHAN, J., concur.

In his motion for post-conviction relief, Slater alleged his plea was no contest. In his appeal to circuit court, Slater alleged his plea was guilty.