PER CURIAM.
Michael David Hull appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Only his allegations pertaining to psychotropic medication have merit.
Appellant alleges that he was under the influence of psychotropic medication at the time he entered his guilty plea and that his counsel was ineffective for failing to advise the court. He claims that on the day of his plea, he was given another medication, tho-racine, which reacted with the medication he was then taking in such a way as to render him incapable of knowingly and voluntarily entering a plea. If true, appellant might be entitled to postconviction relief. See Reutter v. State, 590 So.2d 1133 (Fla. 2d DCA 1992); Schuck v. State, 495 So.2d 193 (Fla. 2d DCA 1986); Gunn v. State, 379 So.2d 431 (Fla. 2d DCA 1980).
In denying the motion, the trial court attached only the written plea form. This attachment, standing alone, does not conclusively refute the appellant’s allegations, particularly in view of the fact that appellant attached to his motion medical documents from the jail indicating that various medications had been prescribed and administered for a prior spinal injury. The documents also show that thoracine had been prescribed and administered the day he entered his plea.
Because the trial court failed to attach portions of the records or files conclusively refuting appellant’s allegation, we reverse as to the allegations set forth above. *642 Should the trial court again deny the motion on remand, it should attach portions of the record, particularly the transcript of the plea dialogue, which conclusively refute both allegations. If the record does not refute appellant’s allegations, it may be necessary to conduct an evidentiary hearing. Any party aggrieved by the subsequent action of the trial court must file a notice of appeal within thirty days to obtain further appellate review.
Affirmed in part, reversed in part, and remanded for further proceedings.
PARKER, A.C.J., and PATTERSON and ALTENBERND, JJ., concur.