PER CURIAM.
We reverse the trial court’s order, denying appellant’s 3.850 motion, and remand for an *594 evidentiary hearing or attachment of record excerpts disproving appellant’s claim that his plea was rendered involuntary by his schizophrenia and/or the psychotropic medication he was receiving for that condition. The order and present attachments thereto do not conclusively refute appellant’s argument that his mental condition and/or his medication rendered him unable to comprehend the change of plea proceedings.
Appellant’s written plea agreement, attached to the order of denial, disclosed that at the time he entered his plea, he was being treated for hallucinations. In his current motion, the appellant claims that the drugs that he was taking to control his schizophrenia — thorazine and cogentin — left him mentally confused and unable to comprehend the trial court’s questions. Appellant claims that he is still suffering from the effects of his illness and the medications used to control it.
The trial court denied relief on the appellant’s claim that he was rendered unable to enter a voluntary plea by his mental condition and/or the medications being used to treat that condition. It based that denial upon appellant’s assertions in his written plea agreement that:
[pre-printed] I was previously found to be insane or incompetent or was a mental patient. I am now competent and in possession of all my faculties. Explain: [handwritten] [defendant] treated for hallucinations currently by Dr. Tinzlef?]
[pre-printed] I am not currently under the influence of drugs or alcohol.
The above statements are equivocal and contradictory. See Hull v. State, 601 So.2d 641 (Fla. 2d DCA 1992).
GLICKSTEIN, WARNER and PARIENTE, JJ., concur.