PARIENTE, Judge,
dissenting.
I respectfully dissent. In Schenck v. State, 654 So.2d 593 (Fla. 4th DCA 1995), we reversed the summary denial of this defendant’s motion for post-conviction relief. We remanded for an evidentiary hearing or attachment of record excerpts disproving defendant’s claim that his plea was rendered involuntary by his schizophrenia and/or the psychotropic medication he was receiving at that time.
The written plea agreement set forth that defendant had previously been found insane or incompetent, but was now competent. It further contained the handwritten explanation that defendant was currently being treated for hallucinations. In a separate pre-printed portion, the written plea agreement contained the statement that defendant was not under the influence of drugs or alcohol. This court determined in Schenck that the written plea agreement did not conclusively refute defendant’s allegations because the statements contained therein were “equivocal and contradictory.” Id. at 594.
On remand the trial court summarily denied the motion for 3.850 relief after determining that portions of the transcript “unequivocally indicate that the defendant’s plea was entered freely, voluntarily and intelligently.” The portions of the transcript are attached to the order of summary denial. In my opinion the attached excerpts do not conclusively show that defendant is not entitled to any relief or dispel the concerns we pointed out in our original opinion in Schenck. See Fla.R.App.P. 9.140(g); Davis v. State, 648 So.2d 1249 (Fla. 4th DCA 1995).
The first attachment dated July 11, 1994 is from defense counsel’s motion to withdraw from representation filed at defendant’s request due to his dissatisfaction with his attorney. At that hearing, defendant advised the trial court that he was seeing a psychiatrist. His attorney advised the trial court that he was unaware that his client had been seeing a psychiatrist and asked the trial court for a week’s postponement to see if there were “any competency issues or any treatment that should be indicated.”
*999 The next transcript excerpt is from two days later at the July IB, 1994 docket call for trial of the case. At that time the defense lawyer related that “Dr. Tingle [the psychiatrist] reported through my secretary that he doesn’t believe there are any competency issues.” There was no further explanation or supporting evidence of that double hearsay statement in the way of reports or other competent evidence. The defense lawyer also stated that he didn’t “have any belief there is a competency issue.”
The final transcript excerpt is from the change of plea hearing held July 18, 1994, immediately prior to the commencement of the trial. At that time, defense counsel noted that defendant had indicated in the written plea form that he was being treated by Dr. Tingle. The defense counsel further stated that “[defendant’s] not sure about the condition, but he feels like he — it doesn’t interfere with his ability to understand what he’s doing today.” On the other hand, the written plea statement before the trial court affirmatively indicated defendant was being treated for hallucinations.
Although the trial court stated on the record that defendant did not appear to be under the influence of alcohol or drugs at the time, the transcript does not indicate that the trial court ever inquired about the drugs he was taking, his mental condition or the hallucinations. Thereafter defendant’s participation in the plea colloquy was limited almost entirely to one-word responses to questions posed by the trial court. See, e.g., Savage v. State, 530 So.2d 1077 (Fla. 1st DCA 1988).
In Krawczuk v. State, 634 So.2d 1070, 1073 (Fla.), cert. denied, — U.S. -, 115 S.Ct. 216, 130 L.Ed.2d 143 (1994), our supreme court found a plea colloquy sufficient where the trial court questioned appellant extensively about his taking Elavil and its effect on him. In this ease, because the trial court was on notice of both contradictory information in the plea form and the fact that defendant was currently being treated for hallucinations, the trial court’s failure to conduct any inquiry into this area dictates that defendant’s motion for post-conviction relief not be summarily denied. Because the transcript excerpts do not conclusively refute the allegations of the motion or the equivocal and contradictory statements in the written plea agreement, I would reverse for an evidentia-ry hearing on the issue of whether defendant was rendered unable to enter a voluntary plea by his mental condition and/or the medications being used to treat the condition. See Neeley v. State, 502 So.2d 89 (Fla. 4th DCA 1987); Savage; Derks v. State, 477 So.2d 23 (Fla. 1st DCA 1985); Gunn v. State, 379 So.2d 431 (Fla. 2d DCA 1980).