NORTHCUTT, Judge.
Roger Foeley appeals the order denying his motion to vacate judgment, withdraw plea, and correct illegal sentence. We affirm the denial of his claim based on Heggs v. State, 759 So.2d 620 (Fla.2000), and his claim of ineffective assistance of counsel without further comment. As to the remaining ground, however, we reverse and remand for further proceedings.
Foeley contended that his plea was involuntary because his ingestion of the prescription drug Pamelor rendered him unable to comprehend the nature and consequences of the plea.[1] The circuit court denied the claim as successive because Foeley had previously attempted to withdraw his plea on these grounds in a motion filed pursuant to Florida Rule of Criminal Procedure 3.170(Z). Thus, the court did not reach the merits of this claim.
Apparently, the circuit court was not alerted to this court’s opinion in Foeley v. State, 828 So.2d 483 (Fla. 2d DCA 2002), in which we affirmed the order denying *27 Foeley’s earlier rule 3.170(i) motion without prejudice to his filing a facially sufficient motion pursuant to Florida Rule of Criminal Procedure 3.850. We specifically stated that “[i]f Foeley files such a timely motion, it shall not be deemed successive.” Id. at 483. Because the present motion to withdraw his plea was timely, the circuit court should not have denied this claim as successive.
Foeley’s motion presents a facially sufficient claim. The circuit court attached the transcript of the plea colloquy to its order. That transcript supports, rather than rebuts, Foeley’s assertion. Because the record attachments do not conclusively refute Foeley’s claim, an evi-dentiary hearing is required. See Gunn v. State, 379 So.2d 431, 432 (Fla. 2d DCA 1980) (holding summary denial of a motion for postconviction relief can only be sustained where “the motion and the files and records in the case conclusively show that the prisoner is entitled to no relief'’) (citations omitted). Accordingly, we reverse that portion of the order denying Foeley’s motion to withdraw his plea on this ground, and we remand for an evidentiary hearing.
Affirmed in part, reversed in part, and remanded.
FULMER and SILBERMAN, JJ., concur.

. The circuit court treated this portion of the motion as one filed pursuant to Florida Rule of Criminal Procedure 3.850.