PER CURIAM.
Sylvette Barreto entered no contest pleas to two counts of sexual battery on a child over the age of twelve by a person in familial or custodial authority. On appeal, she contends that her plea was involuntary because she was under the influence of prescription medication at the time of the plea. We affirm.
We begin our discussion by observing that F. Wesley Blankner, Jr., Barreto’s appellate counsel, also served as her trial counsel. Counsel requested and was given three time extensions to prepare the initial brief. Despite the generous time allotted, the entire argument put forth by counsel in Barreto’s brief reads:
The Court committed error by accepting an involuntary plea. The Appellant informed the Court that she had recently taken prescription medication. When asked whether these medications affected her ability to think clearly and exercise good judgment, the Appellant replied that they made her “cloudy, tired” and “sleepy”.
At that point, the plea colloquy should have stopped and the case should have been reset. The Appellant had just said that her medication clouded her judgment. It makes no sense to elicit her opinion regarding her mental state when she had just told the Court that the medication clouds her judgment.
The assurances provided by the Appellant that her mental state was clear were “equivocal and contradictory” Schenck v. State, 654 So.2d 593 (Fla. 4th DCA 1995); see Hull v. State, 601 So.2d 641 (Fla. 2d DCA 1992).
*739 The Appellant’s statements contradict also the written plea form, which states “I am not under the influence of alcohol or any drug at this time.” Szeremi v. State, 862 So.2d 935 (Fla. 2d DCA 2004).
(Internal record citation omitted).
Counsel did not file a motion to withdraw the plea with the trial court. The failure to file a timely motion to withdraw plea waives appellate review of issues related to the plea. Dayton v. State, 867 So.2d 647 (Fla. 5th DCA 2004); Gafford v. State, 783 So.2d 1191 (Fla. 1st DCA 2001); Fla. R. App. P. 9.140(b)(2)(A)(ii)c. (providing that “[a] defendant who pleads guilty or nolo contendere may otherwise directly appeal only ... an involuntary plea, if preserved by a motion to withdraw plea”). This well-established rule of law is not mentioned in the initial brief.
More fundamentally, we are troubled that counsel, an officer of the court, would participate without comment or objection in what he now suggests was a faulty plea process. Counsel, along with his client, signed the plea agreement that assured the court that Barreto did “not suffer from any physical or mental disabilities to the degree that I [Barreto] am incapable of understanding this agreement, the nature of the proceeding against me, or assisting my lawyer in my behalf. I am not under the influence of alcohol or any drug at this time.” Likewise, during the plea colloquy, counsel never expressed any concern regarding his client’s ability to enter the plea. If counsel had any notion that Bar-reto was under the influence of prescription medication to the extent that she could not voluntarily and knowledgably enter a plea, he was obliged to alert the trial court. And now, with no preserved error (and likely no error at all) and after three extensions of time, we receive a wholly unhelpful brief. This appeal was a waste of this Court’s time and Barreto’s money.
AFFIRMED.
SAWAYA, ORFINGER and JACOBUS, JJ., concur.