PER CURIAM.
 

 Calvin Carlos Campbell (Defendant) timely petitions for second tier certiorari relief from an order of the Palm Beach County circuit court, in its appellate capacity, which affirmed per curiam, without opinion, a county court order summarily denying his rule 3.850 motion for postcon-viction relief, challenging his plea to two counts of misdemeanor battery. We deny the petition.
 

 A final circuit court decision in its appellate capacity, including a decision denying a defendant’s postconviction motion, is reviewable in the district court by petition for writ of certiorari.
 
 E.g., Slater v. State,
 
 543 So.2d 869, 871 (Fla. 2d DCA 1989). The standard of review for such a petition is whether the petitioner has been denied procedural due process, or whether the circuit court departed from the essential requirements of law in such a way as to cause a miscarriage of justice.
 
 See Allstate Ins. Co. v. Kaklamanos,
 
 843 So.2d 885, 889-90 (Fla.2003);
 
 Haines City Cmty. Dev. v. Heggs,
 
 658 So.2d 523, 530-31 (Fla. 1995). We conclude that Defendant has established neither.
 
 [1]
 

 
 *1105
 
 Defendant claims that his 1988 misdemeanor conviction should be vacated because the alleged victim of the misdemean- or battery recanted his false statements made. Thus, he claims “actual innocence” and “manifest injustice” as exceptions to the time limitation for postconviction motions. At the time of the battery incident, the defendant was on parole for first degree murder. He entered a plea to the battery, and the State dismissed more serious charges. After the misdemeanor conviction, the Parole and Probation Commission held a hearing and revoked parole. Consequently, he alleges that the misdemeanor conviction continues to affect his liberty interests as he continues to be detained on revocation of parole.
 

 In 2008, the defendant moved for post-conviction relief in the county court, alleging newly-discovered evidence, namely an affidavit from the alleged victim of the 1988 battery stating that the defendant had not committed a criminal offense against him. The motion made many other claims, but these were untimely and successive. The county court denied relief, and the circuit court affirmed.
 

 The defendant was not denied due process in the circuit court, and there was no departure from the essential requirements of law. He pled to the misdemean- or conviction and admitted an unlawful touching in the plea colloquy. The victim’s testimony, which the victim now recants, was not made in connection with the misdemeanor conviction but after the defendant’s conviction during his revocation hearing before the Parole and Probation Commission. A revocation of the parole could have occurred, even if he had been acquitted of the battery charges.
 
 See, e.g., State ex rel. Fla. Parole & Prob. Comm’n v. Helton,
 
 318 So.2d 413, 415 (Fla. 1st DCA 1975) (noting that acquittal of criminal charge has no bearing on sufficiency of grounds to revoke parole or probation in connection with that charge). Regardless, the victim’s recantation of testimony before the Commission does not require reconsideration of the misdemeanor conviction.
 

 Petition Denied.
 

 WARNER, POLEN and STEVENSON, JJ., concur.
 

 [1]
 

 . A circuit court order that affirms without opinion, and thus cannot serve as precedent, is unlikely to merit certiorari review because
 
 *1105
 
 any error will be isolated in its effect.
 
 Dep’t of Highway Safety & Motor Vehicles v. Alli-ston,
 
 813 So.2d 141, 145 (Fla. 2d DCA 2002).