WETHERELL, J.
 

 William O’Brien petitions for certiorari review of the circuit court order affirming the county court’s denial of his motion to vacate a 1982 conviction and sentence. We deny the petition.
 

 On July 30, 1982, O’Brien pled no contest to, and was adjudicated guilty of driving with an unlawful blood alcohol level (DUBAL). At the time, this offense was separate from driving while under the influence (DUI) and required proof of a blood alcohol level of .10 percent or greater. § 316.193(3), Fla. Stat. (1981). The record of the 1982 proceeding does not reflect O’Brien’s blood alcohol level at the time of the offense and, according to the arrest report, O’Brien refused to take a breath test. The record reflects that O’Brien was initially charged with DUI, but it is unknown whether his DUBAL conviction was the result of a plea bargain or whether he stipulated to a factual basis for his plea to that offense because the transcripts and other court records (including the written judgment and sentence) no longer exist.
 
 [1]
 

 On May 6, 2010, nearly 28 years after his conviction, O’Brien filed a motion to vacate his conviction and sentence alleging that he was convicted of a “non-existent crime.” The basis for this claim was that “the evidence did not and could not establish a violation of Driving With an Unlawful Blood Alcohol Level” because O’Brien refused a breath test after his arrest.
 

 The county court denied the motion after a hearing, finding that O’Brien had not presented sufficient evidence to justify setting aside a nearly 30-year old plea and conviction. The circuit court affirmed, explaining:
 

 Review of Appellant’s brief reveals that Appellant is arguing his sentence should be vacated due to the lack of a factual basis upon which the court in 1982 could have accepted his plea. At the heart of Appellant’s argument is that Appellant refused to take a breath test yet pled no contest to DUBAL. Such a claim is more appropriate through direct appeal or arguably, within the two (2) year timeframe for filing a 3.850 motion to withdraw plea. While this Court is aware that conviction of a nonexistent crime is fundamental error, DUBAL was an existing crime in 1982 pursuant to section 316.193, Florida Statutes (1982)[sic].
 

 [[Image here]]
 

 None of the three (3) specifically carved out exceptions to the two year time-frame [in rule 3.850(b) ] exists in this case....
 

 In addition, even if this Court were to agree with Appellant’s claim that he pled to a nonexistent crime, none of the case law cited by Appellant holds that raising such a claim is allowed outside the two year timeframe established by
 
 *461
 
 Florida Rule of Criminal Procedure 3.850 or [would] allow Appellant to raise this claim twenty-eight (28) years after his plea (well beyond the two year time-frame).
 

 (citations and footnote omitted). O’Brien timely filed a petition for certiorari in this court seeking review of the circuit court’s order.
 

 The scope of our certiorari review in this case is limited to determining whether the circuit court observed the essential requirements of law by affording procedural due process and applying the correct law.
 
 See Custer Med. Ctr. v. United Auto. Ins. Co.,
 
 62 So.3d 1086, 1092 (Fla.2010) (quoting
 
 Haines City Cmty. Dev. v. Heggs,
 
 658 So.2d 523, 530 (Fla.1995)).
 

 O’Brien argues in his petition that the circuit court failed to apply the correct law in reaching its decision because the court “failed to recognize that Petitioner’s plea and conviction ... was ... for a nonexistent crime under the facts of this case.” This argument is meritless. The circuit court correctly held that O’Brien did not plead to a non-existent crime and then applied well-settled law in affirming the denial of O’Brien’s untimely motion challenging the factual basis for his plea.
 
 See, e.g., White v. State,
 
 935 So.2d 554, 555 (Fla. 3d DCA 2006) (noting that a defendant may raise a claim of a lack of factual basis to support a plea in a rule 3.850 motion, but that the claim must be raised within the two-year time limit imposed by the rule);
 
 Nowlin v. State,
 
 639 So.2d 1050, 1052 n. 2 (Fla. 1st DCA 1994) (holding that a challenge to the factual basis for a plea should be raised in a rule 3.850 motion, not a rule 3.800 motion and explaining why such motions must be brought within two years: “The state should not be required to confront factual disputes in cases that have been final for over two years. Stale cases such as these will cause problems in securing transcripts and witnesses, and may also result in inadequate recollection by those witnesses who may still be available.”);
 
 and cf. Solano v. State,
 
 32 So.3d 648, 651 (Fla. 1st DCA 2010) (affirming denial of an untimely motion challenging a DUI conviction because “even if [the defendant] was denied his right to counsel in the 1978 proceeding, the judgment and sentence in that case are not ‘void’ as a result and subject to collateral attack 30 years later”). Accordingly, the circuit court did not depart from the essential requirements of law.
 

 For these reasons, O’Brien’s petition for writ certiorari is DENIED.
 

 PADOVANO and LEWIS, JJ., concur.
 

 [1]
 

 . The only remaining records are the arrest report, the traffic citations, and the clerk's docket entries reflecting the progress and disposition of the case.