PER CURIAM.
By petition for writ of certiorari, Eugene Smith seeks relief from a circuit court order affirming summary denial of the motion for postconviction relief he filed in county court. We grant the petition, quash the circuit court’s, order, and remand for further proceedings.
Mr. Smith filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850, challenging his *1078 conviction based on newly discovered evidence. After the county court summarily denied his motion for postconviction relief, he appealed to the circuit court. The . county court’s order recites that the court denied “Defendant’s Motion to Dismiss,” and does not explain the reason for its summary denial. The circuit court affirmed the decision of the lower court, acknowledging its peculiarity and without reaching the merits, finding the postcon-viction motion (filed more than two years after Mr. Smith’s conviction became final) to be untimely because “the alleged statement could have been discovered with due diligence. Russell v. State, 100 So.Sd 202 (Fla. 2d DCA 2012).”
Certiorari relief is warranted because the circuit court failed to apply the correct law. See Slater v. State, 543 So.2d 869, 870-71 (Fla. 2d DCA 1989); see also O’Brien v. State, 80 So.3d 459, 461 (Fla. 1st DCA 2012) (“The scope of our certiora-ri review in this case is limited to determining whether the circuit court observed the essential requirements of law by affording procedural due process and applying the correct law.”). The circuit court, acting in its appellate capacity, was required to reverse and remand for an evi-dentiary hearing unless the record showed conclusively that Mr. Smith was entitled to no relief. Fla. R. App. P. 9.141(b)(2)(D). The record in the present case does not refute the movant’s allegation that he was first put on notice of the existence of newly discovered evidence in January of 2013. Russell, the case cited by the circuit court, does not support its conclusion that the facts alleged in Mr. Smith’s motion for postconviction relief could have been discovered with the exercise of due diligence within two years of his judgment and sentence becoming final. See Fla. R. Crim. P. 3.850(b)(1).
The petition for writ of certiorari is granted, and the circuit court’s order affirming the county court’s summary denial is quashed.
BENTON and LEWIS, JJ., concur.
THOMAS, J., dissents with opinion.