BOARDMAN, Judge.
This is an appeal from the denial of appellant’s Rule 3.850 motion following an evidentiary hearing. The trial court originally summarily denied the motion, but we held on appeal that appellant’s motion contained allegations of incompetency sufficient to require an evidentiary hearing to determine whether his plea was voluntarily entered by one competent to understand the consequences of his plea. Baker v. State, 408 So.2d 686 (Fla. 2d DCA 1982).
At the hearing held on remand, the trial court heard testimony from appellant’s attorney and his psychiatrist suggesting that appellant was mentally incompetent when he entered his plea. Conflicting evidence, however, was presented by Michael Gal-lante, a probation officer who interviewed appellant for about an hour immediately after he entered his plea, and by the reports of two examining physicians. Gallante testified that appellant’s demeanor appeared normal on the day of his plea, that appellant responded coherently to questions posed, and that he explained that he had decided to plead guilty because a jury trial would not do him any good. The medical reports of the examining physicians concluded that appellant was capable of exercising good judgment.
In light of this latter evidence, we do not believe the trial court abused its discretion in denying appellant’s motion to withdraw his plea.
We therefore AFFIRM.
OTT, C.J., and RYDER, J., concur.