476 So.2d 277 (1985)
Charles Otis STINYARD, Appellant,
v.
STATE of Florida, Appellee.
No. 85-1311.
District Court of Appeal of Florida, Second District.
October 4, 1985.
LEHAN, Judge.
This is an appeal from the summary denial of a motion for post-conviction relief under Florida Rule of Criminal Procedure 3.850. Appellant raises two points. The first is that he was denied effective assistance of counsel because his trial attorney failed to investigate facts that would have *278 supported an insanity plea. The second is that his guilty plea was not freely and voluntarily given because his mental capacity was diminished due to the withholding of his prescribed psychotropic medication. Either allegation, if true, would entitle appellant to relief. The trial court denied the motion on the ground that it was identical to a rule 3.850 motion previously filed and heard. However, the trial court failed to attach those portions of the record which support the ground for denial.
Accordingly, we reverse the trial court's order and remand the case to the trial court. On remand, the trial court may either again summarily deny the motion and attach to its order those portions of the record which conclusively show that appellant is not entitled to relief or hold an evidentiary hearing and then rule on the motion. See Fla.R.Crim.P. 3.850. See also Jones v. State, 421 So.2d 55 (Fla. 1st DCA 1982), and Van Bever v. State, 405 So.2d 474 (Fla. 5th DCA 1981). To obtain further review, any aggrieved party must appeal the new ruling of the trial court.
Reversed.
OTT, A.C.J., and HALL, J., concur.