477 So.2d 23 (1985)
Thomas Edison DERKS, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. BF-204.
District Court of Appeal of Florida, First District.
October 9, 1985.
Rehearing Denied November 6, 1985.
Thomas Edison Derks, Jr., pro se.
Jim Smith, Atty. Gen., John M. Koenig, Jr., Asst. Atty. Gen., for appellee.
SHIVERS, Judge.
This is an appeal from a summary denial of appellant's 3.850 motion. We reverse and remand for an evidentiary hearing by the trial court.
Appellant alleged, as a basis for his motion for post-conviction relief, that he was unable to understand the nature and consequences of his nolo contendere plea entered on August 8, 1984 as he was suffering from delusions, hearing voices, and otherwise suffering from mental illness at the time. The portion of the record attached to the trial court's order indicates that appellant has a history of mental illness and was hospitalized and treated several times for paranoid schizophrenia. He was examined by a court-appointed doctor who found him competent to stand trial and competent at the time of the alleged crime. He was also apparently under the care of a psychiatrist and was treated with medication while in the Escambia County Jail.
The record, however, does not conclusively show that appellant is entitled to no relief, as it does not adequately rebut his allegation that he was suffering from delusions at the time he entered his plea. Further, it is possible that the medication which was being used to treat appellant's illness, as opposed to the illness itself, may have affected his ability to understand the nature and consequences of his plea. Appellant should be allowed to present pertinent medical records, including any medical doctors' or psychiatrists' reports made while appellant was confined to the Escambia County Jail. See Gunn v. State, 379 So.2d 431 (Fla. 2d DCA 1980). Therefore, we reverse the trial court's order denying the motion and remand the matter for an evidentiary hearing pursuant to Rule 3.850, Fla.R.Crim.P.
REVERSED and REMANDED.
WENTWORTH, J., concurs.
WIGGINTON, J., dissents.