488 So.2d 592 (1986)
Claude R. CAMPBELL, Appellant,
v.
STATE of Florida, Appellee.
No. 85-2359.
District Court of Appeal of Florida, Second District.
May 2, 1986.
SANDERLIN, Judge.
Claude Campbell appeals the summary denial of his motion for post-conviction relief.
Campbell's motion states that his guilty plea was not entered with a full understanding of the consequences because he was under the influence of a heavy dose of medication at the time of the plea. If true, this could constitute grounds to withdraw the plea. Stinyard v. State, 476 So.2d 277 (Fla. 2d DCA 1985). We have held that where claims such as this have been made the record must conclusively refute the defendant's allegations before the court may deny the motion without a hearing. Gunn v. State, 379 So.2d 431 (Fla. 2d DCA 1980).
In the instant case, the trial court attached a transcript of the plea colloquy to its order denying Campbell's motion. Prior to accepting the plea the court conducted a brief competency hearing, then, having found Campbell competent to proceed, discussed the plea agreement with the attorneys. Defense counsel indicated "one slight problem" and asked the court to "rule on it," referring to the fact that Campbell was "under medication." Campbell was then brought before the court and questioned. As in the Gunn case, the colloquy generally was thorough, though Campbell only "replie[d] affirmatively" to most of the questions. Then the court asked Campbell if his medication was "hampering [his] ability to understand and appreciate what is going on here today." Campbell first said he did not know, but when the court asked if he understood, he replied, "Yeah."
We recognize that the trial court was in the best position to observe Campbell's demeanor and level of awareness at the time of the plea. However, we must conclude that the record before us does not sufficiently overcome Campbell's allegations to permit summary denial of his motion. In light of the question of Campbell's competency, his apparent lack of articulateness during the colloquy, and the undisputed fact that he was drugged to some extent, we are not persuaded by the plea transcript alone that Campbell is not entitled to relief, particularly when it is compared with the extensive inquiry in Onnestad v. State, 404 So.2d 403 (Fla. 5th DCA 1981). Accordingly, we reverse and remand this case to the trial court for further proceedings consistent with this opinion. Of course, if a hearing is held on Campbell's motion, his allegations are subject to *593 rebuttal by competent evidence. Baker v. State, 427 So.2d 1141 (Fla. 2d DCA 1983).
The remaining grounds raised in Campbell's motion are without merit, and the trial court properly denied relief on those grounds.
LEHAN, A.C.J., and FRANK, J., concur.