PER CURIAM.
Appellant challenges a trial court order summarily dismissing his motion for post-conviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. The motion followed a sentence of sixty years in prison, based on appellant’s plea of nolo contendere to second degree murder, armed burglary, and grand theft in one prosecution in Indian River County, and to armed burglary in St. Lucie County. The two prosecutions were consolidated as part of the plea agreement.
Appellant’s motion contained arguments that the trial court failed to conduct a proper hearing on his mental competency when requested by defense counsel, that he was under the influence of prescribed psychotropic drugs when he entered his plea, that he entered his plea under duress and coercion, and finally that the trial court improperly consolidated the two prosecutions. The trial court dismissed appellant’s motion, citing as grounds that appellant did not request a competency hearing, that he signed a written plea agreement, and that he agreed to consolidation of the two prosecutions. The order cited as attached a copy of the plea agreement, a transcript of the change of plea colloquy and the order of consolidation.
We have reviewed these portions of the record and find that they do not adequately refute appellant’s claims. They do not refute the claim that the defense requested a competency hearing pursuant to the Florida Rules of Criminal Procedure, that appellant was on prescribed psychotropic drugs at the time of his plea and understood the court to be inquiring as to use of illegal drugs only, or that his plea was the result of coercion or undue persuasion. Furthermore, the record attached does not adequately support the trial court’s conclusion of waiver on the consolidation issue, particularly because it does not show the statutory requirements for waiver were indeed met. Section 910.035, Fla.Stat. (1989). We therefore return the entire cause to the trial court for attachment of further portions of the record refuting appellant’s claims or an evidentiary hearing. Gentry v. State, 464 So.2d 659 (Fla. 4th DCA 1985).
REVERSE AND REMAND.
LETTS, POLEN and FARMER, JJ., concur.