590 So.2d 1133 (1992)
David M. REUTTER, Appellant,
v.
STATE of Florida, Appellee.
No. 91-02966.
District Court of Appeal of Florida, Second District.
January 3, 1992.
PER CURIAM.
David Reutter appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm in part, reverse in part, and remand for further proceedings.
Of the several allegations for relief in Reutter's motion, only two are facially sufficient. Specifically, Reutter alleges that his guilty plea to capital murder was involuntarily given because he was under the influence of psychotherapeutic medication at the plea hearing and did not understand what he was doing. Reutter also alleges ineffective assistance of counsel because he told trial counsel that he was under the effects of this medication, but counsel failed to advise the trial court. The record reveals that Reutter attended mental health counselling sessions while in the Pasco County jail. It also includes medication dispensing reports of the Pasco County Sheriff's Office which show that Reutter had been given psychotherapeutic medication continuously for several months prior to and including the date on which he entered his guilty plea.
The attachment to the trial court's summary denial of Reutter's motion does not conclusively refute these allegations. Accordingly, we reverse the summary denial of these allegations in the motion and remand for further proceedings. See Campbell v. State, 488 So.2d 592 (Fla. 2d DCA 1986); Gunn v. State, 379 So.2d 431 (Fla. 2d DCA 1980); Derks v. State, 477 So.2d 23 (Fla. 1st DCA 1985). On remand, unless the case files and records conclusively show that Reutter is not entitled to relief, the trial court shall order the state to file an answer. After receipt of the answer, the trial court shall determine whether an evidentiary hearing is required. If the trial court should summarily deny the motion again, it shall attach such portions of the record which conclusively refute Reutter's allegations. Any party aggrieved by the subsequent action of the trial court must file a notice of appeal within thirty days to obtain appellate review.
Affirmed in part, reversed in part, and remanded for further proceedings.
RYDER, A.C.J., and HALL and PATTERSON, JJ., Concur.