649 So.2d 333 (1995)
Keith Edward KISER, Appellant,
v.
STATE of Florida, Appellee.
No. 94-837.
District Court of Appeal of Florida, First District.
January 31, 1995.
*334 Keith Edward Kiser, pro se.
Robert A. Butterworth, Atty. Gen., Amelia L. Beisner, Asst. Atty. Gen., Tallahassee, for appellee.
ERVIN, Judge.
The trial court's order summarily denying appellant's motion for post-conviction relief on the ground that it is a successive motion is reversed and the matter is remanded for further proceedings.
Appellant's first post-conviction relief motion was filed solely for the purpose of obtaining a belated appeal. As stated in State v. District Court of Appeal of Florida, First District, 569 So.2d 439 (Fla. 1990), a motion for post-conviction relief under Florida Rule of Criminal Procedure 3.850 is the appropriate vehicle for seeking a belated appeal based on ineffective assistance of counsel for failing to file a timely notice of appeal. Such motions are not dependent upon a preliminary showing of merit, in that an appeal as a matter of right should be permitted even if it is determined to be without merit or it develops that no arguable issue can be found. See Short v. State, 596 So.2d 502 (Fla. 1st DCA 1992); Gunn v. State, 612 So.2d 643 (Fla. 4th DCA 1993). Consequently, once a motion for post-conviction relief has been filed solely for the purpose of obtaining a belated appeal, because counsel was ineffective for not timely filing the notice of appeal, a subsequent 3.850 motion should not be considered successive if it alleges ineffective assistance of counsel on other grounds.
REVERSED and REMANDED.
MINER and WOLF, JJ., concur.