ERVIN, Judge.
The petition for writ of certiorari is granted, and that portion of the trial court’s order compelling production of the diagram/report prepared by petitioner Flood is quashed, because the documents are protected work product and there was no finding that respondent Escambia County demonstrated that it needed the materials for preparation of its case and was unable, without undue hardship, to obtain the substantial equivalent of the materials by other means. See Fla. R.Civ.P. 1.280(b)(3); Winn-Dixie Stores, Inc. v. Nakutis, 435 So.2d 307 (Fla. 5th DCA 1983), review denied, 446 So.2d 100 (Fla.1984); Sligar v. Tucker, 267 So.2d 54 (Fla. 4th DCA), cert. denied, 271 So.2d 146 (Fla.1972). And see Alachua Gen. Hosp., Inc. v. Zimmer USA, Inc., 403 So.2d 1087 (Fla. 1st DCA 1981); Sears, Roebuck & Co. v. Scott, 481 So.2d 968 (Fla. 4th DCA 1986); Hospital Corp. of Am. v. Dixon, 330 So.2d 737 (Fla. 1st DCA), cert. denied, 341 So.2d 291 (Fla.1976).
The petition is denied, however, as to that portion of the order requiring petitioner Flood to submit to a second deposition, because we find no abuse of discretion in the trial court’s decision and, hence, no departure from the essential requirements of law.
The petition is GRANTED in part and DENIED in part.
MINER and WOLF, JJ., concur.