ALTENBERND, Judge.
Armando Rivera appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm in part, reverse in part, and remand for further proceedings. The plea form attached to the trial court’s order does not conclusively demonstrate that Mr. Rivera is entitled to no relief.
Mr. Rivera pleaded guilty to armed robbery and numerous other charges. He signed a negotiated plea agreement on April 8, 1993, in which he agreed to plead guilty in exchange for a twelve-year sentence as a habitual offender. Although our record does not contain either a judgment or a sentence, it appears that Mr. Rivera was not sentenced until June 25, 1993.
In his motion, Mr. Rivera alleges as grounds one and three that he was under psychiatric medication when he agreed to this plea and that his attorney told him not to mention this medication to the court. He claims that the medication prevented him from understanding what was happening at the hearing.
The trial court properly requested a response from the state attorney before ruling on this motion. See Hull v. State, 601 So.2d 641 (Fla. 2d DCA 1992); Reutter v. State, 590 So.2d 1133 (Fla. 2d DCA 1992); Campbell v. State, 488 So.2d 592 (Fla. 2d DCA 1986). The state attorney responded and requested an extension of time in which to obtain transcripts of the plea and sentencing hearings. Thereafter, it moved the court to order transcripts of the hearings. On October 27,1994, a circuit court judge entered an order requiring the transcripts to be transcribed. However, three days earlier, another judge entered this order summarily denying the motion. The only document attached to refute the allegations was the plea form.
We agree with the state attorney that the motion cannot be adequately resolved without transcripts of the hearings. Although one of the sixteen standard representations in the plea form states that the defendant is not under the influence of medication to the extent that it impairs his understanding of the plea form, it seems difficult to bind a defendant to this standardized representation when he claims under oath that he was too medicated to understand the proceedings. Moreover, a form he signed in April is not dispositive of his claims pertaining to the proceedings held in June.
Because the trial court-failed to attach portions of the records or files conclusively refuting Mr. Rivera’s allegations, we reverse as to the allegations set forth above. Should the trial court again deny the motion on remand, it should attach portions of the record, particularly the transcripts of the hearings, which conclusively refute the allegations. If the record does not refute the allegations, it may be necessary to conduct an evidentiary hearing. Any party aggrieved by the subsequent action of the trial court must file a notice of appeal within thirty days to obtain further appellate review.
Affirmed in part, reversed in part, and remanded for further proceedings.
Reversed and remanded.
PARKER, A.C.J., and LAZZARA, J., concur.