RYDER, Acting Chief Judge.
Juan Rodriguez challenges the lower court’s refusal to permit him to withdraw his guilty plea on grounds of mental incapacity. We affirm without prejudice to file a motion under Florida Rule of Criminal Procedure 3.850.
In 1991, the state filed two informations against Rodriguez, charging a total of four felony counts. On October 21, 1991, Rodriguez entered a guilty plea. His written plea stated he was under the influence of drugs, medications or alcohol. The transcripts of the plea hearing and the sentencing hearing show that the trial judge did not ask Rodriguez any questions to ascertain whether his plea was voluntary. The court adjudicated him guilty and pronounced sentence on December 3, 1991.
On January 27, 1992, Rodriguez filed a motion to withdraw his plea, alleging that he had not understood his plea because of the drugs he had been taking. The motion did not conform to the specifications of rule 3.850. The trial court denied the motion and Rodriguez appealed.
The proper way for Rodriguez to assert this claim is by a motion to vacate the plea under rule 3.850. See Campbell v. State, 488 So.2d 592 (Fla. 2d DCA 1986); Stinyard v. State, 476 So.2d 277 (Fla. 2d DCA 1985); Gunn v. State, 379 So.2d 431 (Fla. 2d DCA 1980). Because he has not followed the correct procedure, we affirm the court’s denial of his motion without reaching the merits. Our affirmance is without prejudice to Rodriguez to file a motion that complies with the requirements of rule 3.850. We note that although two years have passed since the date of his conviction, his appeal tolled the time for filing such a motion. See McCuiston v. State, 507 So.2d 1185 (Fla. 2d DCA 1987), approved, 534 So.2d 1144 (Fla.1988).
Affirmed.
PARKER and ALTENBERND, JJ., concur.