PER CURIAM.
Appellant, Marvin Moore, appeals the summary denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.850, raising three issues. We affirm in part, reverse in part and remand.
A trial court may not summarily deny a 3.850 motion alleging that trial counsel failed to object to a habitual-offender sentence which the sentencing court imposed without following proper procedures, unless the court attaches portions of the record that refute such claim. Hall v. State, 603 So.2d 650 (Fla. 1st DCA 1992); Wells v. State, 598 So.2d 259 (Fla. 1st DCA 1992).
It is also reversible error to summarily deny a 3.850 motion alleging that trial counsel failed to honor the defendant’s timely request to take an appeal, without attaching portions of the record that refute such claim. Hudson v. State, 596 So.2d 1213 (Fla. 1st DCA 1992); Short v. State, 596 So.2d 502 (Fla. 1st DCA 1992).
Moore’s third issue should have been raised on direct appeal, therefore, we affirm the court’s summary denial of that issue.
Accordingly, we reverse and remand this case to the trial court with directions to either attach portions of the record to refute Moore’s claims of ineffective assistance, or conduct an evidentiary hearing regarding these matters.
AFFIRM IN PART, REVERSE IN PART and REMAND.
ERVIN, MICKLE and LAWRENCE, JJ., concur.