PER CURIAM.
Damon Bryant appeals the summary denial of his motion for post-conviction relief. We reverse and remand this case to the trial court for further proceedings.
Bryant’s position in his amended motion was that his plea of guilty was not entered knowingly and voluntarily because he was under the influence of a powerful psychotropic medication when he entered his plea. The trial court in its order denying the amended motion noted that in the state’s response it “conceded that an evidentiary hearing was required to address Defendant’s original motion.”
Bryant then filed an “amended amendment to rule 3.850 motion for post-conviction relief’ again alleging lack of a voluntary plea, which the trial court denied without an evi-dentiary hearing.
It has been held that where a claim is made that a guilty plea was not entered with a full understanding of the consequences because someone was under the influence of a heavy dose of medication at the time of the plea, then the record must conclusively refute such allegation before the court may deny the motion without a hearing. Campbell v. State, 488 So.2d 592 (Fla. 2d DCA 1986); Gunn v. State, 379 So.2d 431 (Fla. 2d DCA 1980).
We accordingly reverse and remand for further proceedings to permit the trial court to attach portions of the record which conclusively refute appellant’s allegations or to conduct an evidentiary hearing.
REVERSED AND REMANDED.
GUNTHER, C.J., and STEVENSON and SHAHOOD, JJ., concur.