667 So.2d 887 (1996)
Robert Mark LILLEY, Appellant,
v.
STATE of Florida, Appellee.
No. 95-03974.
District Court of Appeal of Florida, Second District.
February 7, 1996.
PER CURIAM.
Robert Mark Lilley appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We reverse and remand to the trial court for an evidentiary hearing.
Lilley's motion alleges that his no contest plea to charges of lewd and lascivious conduct upon a child was not properly entered because he was under the influence of psychotropic medication at the plea hearing and did not understand what he was doing. He also alleges ineffective assistance of counsel. He claims his attorney failed to bring to the court's attention, through documents and other information, his history of mental illness, alcoholism, and his medication.
The trial court attached to its order denying the motion a transcript of the plea colloquy and a copy of Lilley's waiver of rights form. The transcript reveals that Lilley appeared before the court by video camera, and that he responded affirmatively when questioned about his understanding of his plea. Although defense counsel mentioned that Lilley "has had problems with ... mental problems," the trial court failed to inquire into the nature and extent of those problems. Nor did the court inquire into Lilley's use of prescription drugs. No further attempt was made on Lilley's behalf to advise the trial court of his client's mental status, other than to state that he personally believed Lilley was competent to proceed. The record discloses two court-ordered pre-trial psychological evaluations of Lilley, both detailing his mental illness. One report terms his mental illness "major" and questions Lilley's competency to proceed.
The portions of the record relied upon by the trial court, which we have examined, do not conclusively refute Lilley's allegations. See Reutter v. State, 590 So.2d 1133 (Fla. 2d DCA 1992); Campbell v. State, 488 So.2d 592 (Fla. 2d DCA 1986). Accordingly, we reverse and remand to the trial court for an evidentiary hearing on the question of whether Lilley's plea was compromised by the effects of his prescription drug.
*888 Lilley must file a notice of appeal within thirty days to obtain appellate review from subsequent action by the trial court.
The remaining ground raised in Lilley's motion is without merit.
Reversed and remanded.
FRANK, A.C.J., and PATTERSON and LAZZARA, JJ., concur.