685 So.2d 1317 (1996)
Herman L. WILLIAMS, II, Appellant,
v.
STATE of Florida, Appellee.
No. 95-04670.
District Court of Appeal of Florida, Second District.
February 9, 1996.
*1318 PER CURIAM.
Herman Williams challenges the trial court's denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.850 motion, in which he alleges four grounds for relief. One of these claims, integrally related to another which the court addressed on the merits, was denied as successive because Mr. Williams had earlier filed a motion pursuant to Florida Rule of Criminal Procedure 3.800(a) which the court had treated as a Rule 3.850 motion. The earlier motion attacked perceived irregularities at sentencing, and, as the substance of the motion now under review concerns the voluntariness of the plea, the disparate nature of these claims allows this one to be heard despite the doctrine of successiveness. Kiser v. State, 649 So.2d 333 (Fla. 1st DCA 1995). Facially sufficient allegations that prescriptive medication interfered with Mr. Williams' ability to understand the nature and consequences of his plea require us to reverse the order of the trial court.
Pursuant to an agreement with the state which called for a dismissal of one felony, Mr. Williams entered into an unconditional plea to burglary which resulted in a sentence of thirty years as a habitual felony offender. In his collateral motion in the trial court he asserts that the plea was entered involuntarily because he was under the influence of substantial doses of prescriptive medication at the time (Elavil and Vistaril), and the use of these medications is confirmed by progress notes he submitted on his motion for rehearing from Prison Health Services, Inc. These notes reflect prescriptions antedating and postdating his conviction. Vistaril is prescribed to relieve anxiety and tension associated with psychoneurosis, and Elavil is utilized to combat depression, and can cause sedative effects. The effects these medications might have on the voluntariness of a plea is a matter difficult to determine without an evidentiary hearing.
In his motion Mr. Williams alleges generally that the effect of these medications interfered with his ability to understand the nature of the proceedings. An excerpt from the plea colloquy attached to the order denying his motion does little to dispel this allegation. Nowhere, for example, is he posed any questions designed to disclose whether he is under the influence of drugs or alcohol at the time the plea is entered.
Secondarily, he alleges that he had alerted his attorney to his psychiatric condition, and that counsel failed to explore it as it might pertain to any defense or his ability to enter into a meaningful plea. During the segment of the colloquy we have for review, Mr. Williams does respond that he is satisfied that he has discussed all defenses reasonably available to him with his attorney, and eschews the opportunity at that time to complain that counsel never followed up on those discussions. But in the context of his assertion that he did not understand the nature of the proceedings, his allegation regarding counsel's failure to explore the psychiatric avenue is not conclusively refuted by the record before us.
These allegations of involuntariness, coupled with the corroboration of the medication prescriptions, and the accompanying complaint that trial counsel failed to act when made aware of psychiatric problems, closely resemble the facts outlined in Reutter v. State, 590 So.2d 1133 (Fla. 2d DCA 1992). There this court reversed the summary denial of a postconviction relief motion for further attachments, or, if unavailable, an evidentiary hearing. Under Reutter, Mr. Williams has made a facially sufficient claim which the record attachments do not refute, and remand for a hearing, if additional record attachments do not suffice, is required.
The other issues raised in this summary appeal are without merit.
Review from any subsequent orders of the trial court must be sought by Mr. Williams within thirty days of their rendering.
Reversed in part, affirmed in part, and remanded.
PATTERSON, A.C.J., and BLUE and FULMER, JJ., concur.