714 So.2d 606 (1998)
David McDOWELL, Appellant,
v.
STATE of Florida, Appellee.
No. 98-0586.
District Court of Appeal of Florida, Fourth District.
July 15, 1998.
David McDowell, Miami, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Barbra Amron Weisberg, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
David McDowell appeals the summary denial of his motion for postconviction relief, filed pursuant to rule 3.850, Florida Rules of Criminal Procedure, in which he alleged six grounds for relief. The denial was based on the State's response, which did not address the merits of any of Appellant's claims, but urged denial simply because the motion was successive to a previously denied motion to *607 correct illegal sentence. Following the State's recommendation to do so, the trial court had treated the prior motion as a rule 3.850 motion and denied it. The earlier motion challenged the existence of a law forbidding possession of cocaine with the intent to sell, as opposed to laws forbidding possession and forbidding sale, and also challenged whether Appellant's escape charge had been drafted properly.
The first and fourth claims of Appellant's instant motion are legally sufficient and sufficiently disparate from the prior motion to require them to be heard despite the doctrine of successiveness. See Williams v. State, 685 So.2d 1317 (Fla. 2d DCA 1996); Kiser v. State, 649 So.2d 333 (Fla. 1st DCA 1995).
In the instant motion, Appellant sought to withdraw his guilty plea. His first ground was that his plea was involuntarily entered because he was under the influence of psychotropic drugs which had been prescribed to him for his mental illness, and which prevented him from understanding the full implication of his plea and sentence; had he understood the full implication, he would not have pleaded guilty. This claim is facially sufficient. See Reutter v. State, 590 So.2d 1133 (Fla. 2d DCA 1992); Williams, 685 So.2d at 1318; Long v. State, 678 So.2d 925 (Fla. 1st DCA 1996); Campbell v. State, 488 So.2d 592 (Fla. 2d DCA 1986).
Appellant's fourth ground was that there was no factual basis for the trial court to accept his plea as to possession with intent to sell; there was a factual basis to support only possession. In effect, Appellant argues that he pleaded guilty to the wrong offense. See State v. Fox, 659 So.2d 1324 (Fla. 3d DCA 1995), rev. denied, 668 So.2d 602 (Fla. 1996).
The other issues raised are without merit, and we affirm the trial court's summary denial as to those grounds. As to Appellant's first and fourth grounds, we reverse and remand for an evidentiary hearing or the attachment of portions of the record conclusively showing that Appellant is entitled to no relief.
GLICKSTEIN, GUNTHER and STEVENSON, JJ., concur.