721 So.2d 1210 (1998)
Michael Brian OWENS, Appellant,
v.
STATE of Florida, Appellee.
No. 97-1183.
District Court of Appeal of Florida, First District.
December 11, 1998.
Michael Brian Owens, pro se, for Appellant.
Robert A. Butterworth, Attorney General, and Sonya Roebuck Horbelt, Assistant Attorney General, Tallahassee, for Appellee.
*1211 PER CURIAM.
Appellant, Michael Brian Owens, appeals the trial court's denial of two motions filed pursuant to Florida Rule of Criminal Procedure 3.850. We reverse and remand for further proceedings.
Appellant asserted that he entered a plea of guilty on May 12, 1994, to two counts of armed robbery, three counts of armed kidnaping, and two counts of aggravated assault. On September 27, 1995, appellant filed a motion pursuant to rule 3.850. He asserted his attorney was ineffective based on failure to file a timely notice of appeal even though he informed counsel several times before and after sentencing that he wished to appeal the judgment and sentence. The trial judge issued an order denying relief on 9/29/95.
On May 28, 1996, appellant filed a second 3.850 motion. He again asserted counsel was ineffective for failing to file an appeal after appellant informed counsel he wished to appeal. He also asserted that there was no factual basis to support the plea to three counts of armed kidnaping and that counsel failed to properly investigate and inform him of the law regarding kidnaping. Appellant stated that movement or confinement of victims during the offense was slight, inconsequential, and merely incidental to the robbery. Appellant asserted that he would not have entered the plea to these charges if he had been adequately informed by counsel. As a third ground for relief, appellant asserted that counsel was ineffective because counsel affirmatively misinformed him that he would actually serve only eight years on a thirty-year sentence. Appellant stated that after arriving at DOC, he was informed he would serve 12 years. He stated if counsel had adequately informed him regarding the amount of time he would actually serve, he would have proceeded to trial. On June 3, 1996, the trial judge entered an order denying relief.
On March 31, 1997, appellant filed a petition with this court seeking belated appeals of the two trial court orders. The petition was granted because neither order advised appellant of his right to appeal.
The allegation that counsel failed to file a notice of appeal as requested appears sufficient. Moore v. State, 661 So.2d 921 (Fla. 1st DCA 1995) (It is reversible error to summarily deny a 3.850 motion alleging that trial counsel failed to honor the defendant's timely request to take an appeal, without attaching portions of the record that refute such claim.); Trowell v. State, 706 So.2d 332 (Fla. 1st DCA 1998) (Defendant in a rule 3.850 motion for belated appeal is not required to state what issues he would have raised on appeal, and whether or how those issues would have been dispositive, or how he was otherwise prejudiced by counsel's failure to file a notice of appeal).
The additional grounds raised in the second motion are also facially sufficient. See Kiser v. State, 649 So.2d 333 (Fla. 1st DCA 1995) (Once a motion for post-conviction relief has been filed solely for the purpose of obtaining a belated appeal, because counsel was ineffective for not timely filing the notice of appeal, a subsequent 3.850 motion should not be considered successive if it alleges ineffective assistance of counsel on other grounds.).
We reverse and remand for attachment of those portions of the record conclusively demonstrating that appellant is entitled to no relief or, alternatively, for consideration, upon an evidentiary hearing if necessary, of the claims raised in the motions.
BARFIELD, C.J., ALLEN and WEBSTER, JJ., concur.