PER CURIAM.
Donald Renye appeals the summary denial of his motion for post-conviction relief. Re- *1004 nye challenges his conviction on the grounds that his plea was not voluntary because he was taking psychotropic medication at the time he agreed to accept the plea agreement offered by the State. He also alleges that his counsel coerced him to accept the plea agreement, and that his counsel was ineffective for permitting him to waive a voluntary intoxication defense. We reverse.
Renye argues that he was taking Sinequan and Elavil while in jail awaiting trial, and that the effects of this medication caused him to accept the plea agreement offered by the State. Renye’s motion is not clear whether he was affected by this medication when he appeared in court to enter his plea.
During the plea hearing, the court asked Renye if he had ever been treated for mental illness. The transcript reflects that Renye first answered no, then immediately said yes. The court did not follow up on this line of inquiry, and did not inquire whether Renye was medicated.
Because the court did not inquire about the effects of mental illness and/or medication on Renye’s plea, the voluntary nature of his plea is at issue and should not have been determined without an evidentiary hearing. See Williams v. State, 685 So.2d 1317 (Fla. 2d DCA 1996) (stating that allegations that medication and/or mental illness interfere with ability to comprehend nature and consequences of plea agreement must be conclusively refuted by record attachments or are subject to evidentiary hearing in trial court); Lilley v. State, 667 So.2d 887 (Fla. 2d DCA 1996) (same).
Renye alleges that his attorney coerced him to enter his plea by telling him and his parents that if he did not enter into a plea agreement, he would be given the death penalty. Even though the death sentence was a possible sanction to which Renye would have been exposed had he gone to trial, the fact that Renye alleges that his attorney presented the plea agreement as the only alternative to the death penalty raises the issue of whether he was indeed coerced to enter the plea.
During the plea colloquy Renye answered in the negative when he was asked if he had been threatened or promised anything to persuade him to plead guilty. However, given his allegations concerning the medication he was taking, this issue must be explored further in an evidentiary hearing.
Renye also argues that his attorney was aware of the voluntary intoxication defense, and insisted that Renye waive the defense. During the plea hearing, his counsel informed the court that if they proceeded to trial, he would raise the voluntary intoxication defense. The court addressed this with Renye and asked if he wished to waive the defense. Renye stated that he did. The court also questioned Renye’s father, and he agreed that Renye knew about the defense, and wished to waive it. Because the court specifically addressed the issue with Renye, this ground standing alone does not support reversal of the denial of the motion. However, this issue must be explored in the context of the possibility that Renye’s judgment was impaired as a result of medication.
Renye further alleges he was subject to double jeopardy because he was initially charged with second-degree murder, and tried to plead guilty to the charge at the first appearance hearing. The court did not accept the plea at that time, and Renye was subsequently indicted for first-degree murder. Because jeopardy did not attach with the initial charge, this claim is without merit.
The court is directed to conduct a hearing to determine whether Renye was affected by the medication at the time of the plea hearing, and, if so, whether the medication affected the voluntary nature of his plea. The claims that he was coerced by counsel to enter the pleas and that his waiver of the voluntary intoxication defense was uninformed must be explored in this context.
Affirmed in part, reversed in part, and remanded for an evidentiary hearing.
CAMPBELL, A.C.J., and GREEN and CASANUEVA, JJ., Concur.