PER CURIAM.
We reverse the order denying postcon-viction relief and remand for an evidentia-ry hearing on the voluntariness of the plea.
Defendant-appellant Sean Boyle was charged with making written threats to a correctional officer while he was incarcerated in prison. He was also charged with arson for setting his bed on fire.
In attempting to come to a proper sentencing decision during plea negotiations, the court ordered a psychological evaluation of the defendant. Defendant claimed that the letter he wrote was a verbatim copy of a letter another inmate wrote, as a result of which the other inmate had been transferred to another facility. Defendant explained his action in writing the letter as having that objective only, and that he did not mean, or intend to carry out, the threats. The court’s view, quite properly, *399 was that if the threats were seriously intended then that would call for a longer sentence, whereas if the facts were as related by the defendant, then a shorter sentence would be appropriate.
The psychological evaluation report found the defendant to be competent but also said defendant reported that while in prison he had been diagnosed with Bipolar Disorder. He had been treated with prescription medication which he had been taking until “recently.” The report noted that the defendant would “need follow-up psychiatric evaluation and treatment for possible Bipolar Disorder.”
While the psychological evaluation report provided some level of reassurance to the trial court, the court was still concerned with pinning down more precisely the circumstances under which defendant wrote the threatening letter. The plea agreement being discussed was for twenty years incarceration. The court indicated that if the defendant would take a polygraph with results indicating he was being truthful, the court would consider a significantly shorter sentence. To administer the polygraph would necessitate a delay of approximately two weeks in the sentence negotiations.
Although defense counsel and defendant’s parents pleaded strenuously with him to take the polygraph examination as suggested by the court, defendant demanded to be sentenced immediately saying that he felt he had been held in jail too long already and did not believe that the polygraph work would be completed within two weeks. The trial court imposed the twenty-year sentence.
Successor counsel filed a motion for postconviction relief, contending that defendant’s plea was involuntary. The trial court denied the motion and this appeal follows.
The record does not conclusively refute defendant’s claim, see Fla. R.App. P. 9.140(i), and we return the matter to the trial court for an evidentiary hearing. Both the psychologist’s report and defense counsel at sentencing stated that the defendant had been diagnosed with Bipolar Disorder. According to the record, the defendant had been receiving medication for the disorder until “recently.” The psychologist stated that the defendant “will need follow-up psychiatric evaluation and treatment for possible Bipolar Disorder,” which had not occurred at the time of the sentencing proceedings.
The trial court had made clear to the defendant that it would be disposed to impose a much lower sentence if he passed a polygraph test. Although counsel and the family urged the defendant to accept the court’s proposal to take the polygraph examination, the defendant demanded to be sentenced to twenty years rather than wait two weeks to take the test.
If defendant’s apparently irrational decision-making process was, in fact, a product of an untreated Bipolar Disorder, then that would undercut the voluntariness of the plea and defendant would be entitled to postconviction relief. The Second District Court of Appeal has reversed summary denial of postconviction relief in comparable circumstances. Thus in Williams v. State, 685 So.2d 1317 (Fla. 2d DCA 1996), the case was remanded for further proceedings where defendant alleged “that he had alerted his attorney to his psychiatric condition, and that counsel failed to explore it as it might pertain to any defense or his ability to enter into a meaningful plea.” Id. at 1318. In Stinyard v. State, 476 So.2d 277 (Fla. 2d DCA 1985), further proceedings were ordered where the defendant alleged that counsel had failed to investigate his mental condition and that “his guilty plea was not freely and voluntarily given because his mental capacity was diminished due to the withholding of his prescribed psychotropic medication.” Id. at 278; cf. Reutter v. State, 590 So.2d 1133 (Fla. 2d DCA 1992) (further proceedings ordered where defendant alleged his plea was involuntary on account of effects of psychotherapeutic medication); State v. *400 Holland, 921 P.2d 430, 434 (Utah 1996) (plea involuntary on account of effects of Bipolar Disorder). We remand for an evaluation and hearing.
Reversed and remanded for further proceedings consistent herewith.