746 So.2d 542 (1999)
Angel Luis RIVERA, Appellant,
v.
STATE of Florida, Appellee.
No. 99-01046.
District Court of Appeal of Florida, Second District.
December 10, 1999.
PER CURIAM.
Angel Rivera appeals the summary denial of his motion for postconviction relief, filed pursuant to Florida Rule of Criminal Procedure 3.850. He seeks to set aside his nolo contendere plea to ten separate felony charges. Rivera contends that, due to a combination of mental illness as well as the numerous medications he was taking, he could not comprehend the nature and consequences of his plea. Because the trial court's record attachments do not refute this claim, we reverse and remand for further proceedings.
Rivera asserts in his motion that he did not understand what he was doing at the plea hearing and would not have entered a plea if he had not been under the influence of medication. Rivera attached medical records which indicate that he was taking several medications including haldol, librium and thorazine in the months leading up to the day his plea was entered. On the day Rivera entered his plea, he was taking several medications, including 200 milligrams of thorazine. Additionally, the records show Rivera was regularly seen by a psychiatrist while in county jail. His medical records indicate he suffered from attention deficit disorder, depression and some form of psychosis. Those records also indicate Rivera experienced auditory hallucinations the entire time he was in detention.
We find that Rivera's motion states a facially sufficient claim for relief. See Reutter v. State, 590 So.2d 1133 (Fla. 2d DCA 1992); Campbell v. State, 488 So.2d 592 (Fla. 2d DCA 1986) (citing Stinyard v. State, 476 So.2d 277 (Fla. 2d DCA 1985)). The trial court denied the motion, relying, in part, on the plea form signed by Rivera and the transcript of the plea colloquy. These attachments do not refute Rivera's claim.
The plea colloquy consisted of ten questions. Rivera answered each question with either a yes or no. The trial court inquired if Rivera understood the plea agreement and if he was freely and voluntarily entering into it. Rivera answered affirmatively. This court has previously held that an affirmative answer during the plea colloquy to these types of questions is insufficient to refute a defendant's claim for relief. See Reutter, 590 So.2d at 1133; Campbell, 488 So.2d at 592; Gunn, 379 So.2d at 432. Similarly, the existence of a signed, written plea agreement, by itself, is insufficient to refute a defendant's claim *543 for relief. See McCallum v. State, 591 So.2d 318, 319 (Fla. 4th DCA 1991).
Instead, where the record does not conclusively refute the allegations, an evidentiary hearing is required. See Gunn, 379 So.2d at 432 (holding summary denial of a motion for postconviction relief can only be sustained where "the motion and the files and records in the case conclusively show that the prisoner is entitled to no relief....") (citations omitted). One was not held in this case. Accordingly, we reverse the trial court's order and remand with directions to hold an evidentiary hearing on Rivera's claim.
GREEN, A.C.J., and CASANUEVA and DAVIS, JJ., Concur.