PER CURIAM.
Leonard Earl Nelson appeals the denial of his motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. The trial court correctly denied two[1] of his claims summarily. We conclude, however, that an evidentiary hearing is required with regard to Nelson’s first claim where he alleged that his plea was involuntarily entered because he was under the influence of medications when he entered his plea.
The record does not refute Nelson’s allegation (that the medication affected the voluntariness of his plea) to permit summary denial of the motion. Accordingly, we reverse and remand for the trial court to hold an evidentiary hearing. See Bass v. State, 697 So.2d 585 (Fla. 4th DCA 1997); Bryant v. State, 661 So.2d 951, 952 (Fla. 4th DCA 1995)(“It has been held that where a claim is made that a guilty plea was not entered with a full understanding of the consequences because someone was under the influence of a heavy dose of medication at the time of the plea, then the record must conclusively refute such allegation before the court may deny the motion without a hearing.”); Neeley v. State, 502 So.2d 89 (Fla. 4th DCA 1987); Derks v. State, 477 So.2d 23 (Fla. 1st DCA 1985).
Affirmed in part, reversed in part, and remanded for proceedings consistent with this opinion.
DAVIS, BENTON and PADOVANO, JJ., CONCUR.

. Appellant alleged that the trial court failed to obtain a factual basis for the plea and ineffective assistance of counsel.