774 So.2d 793 (2000)
Charleston GRINER, Appellant,
v.
STATE of Florida, Appellee.
No. 1D00-2361.
District Court of Appeal of Florida, First District.
December 20, 2000.
*794 Charleston Griner, Appellant, Pro Se.
Robert A. Butterworth, Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Appellant, Charleston Griner, appeals the trial court's order denying his motion for post-conviction relief, filed pursuant to Florida Rule of Criminal Procedure 3.850. Appellant raised numerous claims of ineffective assistance of counsel and one claim of alleged trial court error. Several of the claims are either procedurally barred or facially insufficient to demonstrate a basis for post-conviction relief. However, we find it necessary to reverse the trial court's ruling with regard to appellant's ineffective assistance of counsel allegations based on his counsel's alleged failure to object to improper prosecutorial comment, and failure to advise of a possible intoxication defense.
The trial court in this case thoroughly addressed each of the claims raised in appellant's motion, and set forth detailed reasons for denying the relief sought. In addition, the order includes numerous citations to specific portions of the record to support the trial court's findings, together with extensive quotations from the prosecutor's closing argument, to support the court's view that when read in context, the prosecutor's remarks constituted fair comment on the evidence adduced at trial.
The specific recitations of the order suggest the record fully supports the trial court's reasons for denying the motion for post-conviction relief. In such circumstances, we are loath to disturb any of the trial court's rulings. Nevertheless, when the allegations of a post-conviction motion are facially sufficient to warrant relief, the rule requires attachment of portions of the record which conclusively refute the defendant's claims, or an evidentiary hearing thereon.
Accordingly, we must reverse and remand with directions to attach portions of the record which conclusively refute appellant's claims of ineffective assistance of counsel related to failure to object to alleged prosecutorial improprieties, and failure to advise appellant of a possible intoxication defense. In all other respects, the appealed order is affirmed.
JOANOS, WOLF and BENTON, JJ., concur.