788 So.2d 1043 (2001)
James BROOMFIELD, Appellant,
v.
STATE of Florida, Appellee.
No. 2D00-127.
District Court of Appeal of Florida, Second District.
April 6, 2001.
Rehearing Denied May 21, 2001.
James Broomfield, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Patricia A. McCarthy, Assistant Attorney General, Tampa, for Appellee.
PARKER, Acting Chief Judge.
James Broomfield appeals the trial court's order denying his motion for postconviction relief after a hearing. Because we conclude that Broomfield's trial counsel was ineffective in failing to investigate Broomfield's competency at the time of his pleas to felony charges of robbery with a firearm and grand theft of a motor vehicle, we reverse.
In February 1997 counsel for Broomfield, a federal prisoner, negotiated pleas for two concurrent bottom-of-the-guidelines sentences of 99.8 months in state prison to run concurrently with Broomfield's federal sentence of 63 months. He did not file a direct appeal from that sentence. In November 1998 Broomfield filed a motion for postconviction relief alleging that he was incompetent to enter his pleas and counsel was ineffective for failing to advise the court of a competency evaluation which concluded that he was incompetent. *1044 The trial court ordered an evidentiary hearing and appointed counsel to represent Broomfield at the hearing.[1]
Broomfield's first court-appointed trial counsel, Kenneth Garber, testified that he filed a motion seeking an evaluation of both Broomfield's competency to proceed and his sanity. The psychologist concluded that Broomfield was "actively psychotic" and recommended that Broomfield be found incompetent to proceed. According to the psychologist's report, Broomfield's competency could be improved with the appropriate medication and Broomfield qualified for involuntary hospitalization. Garber subsequently withdrew from the case because of a conflict, but he made the report available to the counsel who would be appointed on Broomfield's behalf. When asked if he would have allowed Broomfield to enter a plea without a second report, Garber responded, "Probably not."
Successor trial counsel Frank Porter testified that he read the psychologist's report, but he did not recall whether he discussed the report with Broomfield. After speaking with Broomfield, Porter did not have concerns regarding his client's competency. According to Porter, Broomfield seemed to understand that the pleas were in his best interest, and Broomfield was satisfied with the plea negotiations.
Porter based his opinion regarding Broomfield's competency in large part on a letter Broomfield sent to Porter in January 1997. In that letter, Broomfield indicated that he would be entering pleas in state court and inquired as to how his state sentence would be imposed in light of his federal case. It is not clear from the record whether Porter actually met Broomfield in person or ever even spoke to Broomfield prior to the date of the plea hearing. It is also not clear whether Broomfield or another inmate actually wrote the letter to Porter.
According to Porter, Broomfield would benefit from the pleas by minimizing his prison exposure. Porter did not consider involuntary hospitalization for Broomfield as more beneficial than negotiated pleas because Broomfield would secure a sentence concurrent with his federal sentence, and he would probably serve no additional time in state prison. If Broomfield were involuntarily committed, he might serve all of his federal time, then be hospitalized, and eventually receive a state sentence longer than his federal sentence.
Broomfield testified briefly that he had not been furnished the evaluation and that had he been apprised of such, he would not have entered his pleas. He advised the trial court that he was hospitalized at federal prison and that he was receiving medication. Broomfield admitted that when he had entered a plea in his federal case, the federal court had found him competent to plead.
The trial court concluded that Broomfield had sufficient ability to consult with his lawyers with a reasonable degree of rational understanding, as well as a factual understanding of the proceedings against him and that he was competent to proceed. Further, the court found that Broomfield was effectively assisted by all counsel. We reverse because trial counsel was ineffective in failing to investigate Broomfield's competency at the time of his pleas.
Because a finding of incompetency would prohibit the State from seeking a conviction, Jones v. State, 740 So.2d 520, 522 (Fla.1999), the failure to take action to determine a defendant's competency would *1045 rise to the level of ineffective assistance of counsel if there was evidence to support the defense. Powell v. State, 464 So.2d 1319, 1319 (Fla. 1st DCA 1985) (recognizing the failure to raise a defendant's alleged incompetency as a ground for asserting ineffective assistance of counsel). See also Lilley v. State, 667 So.2d 887, 887 (Fla. 2d DCA 1996) (reversing for evidentiary hearing when the attachments to the record did not refute the defendant's allegations that trial counsel was ineffective for failing to inform the court of the defendant's mental illness, alcoholism, and medication at the time of the plea hearing). In this case, the competency evaluation constituted evidence to support a defense of incompetency to proceed. The short letter sent by Broomfield to Porter inquiring as to how his state sentence would be imposed in light of his federal case would not be sufficient to rebut the psychologist's evaluation. Additionally, we question the reliability of Porter's personal assessment of Broomfield's competency without evidence that Porter and Broomfield met or spoke prior to the date of the plea hearing. Therefore, we conclude that counsel was ineffective for failing to further investigate Broomfield's competency based on the evaluation.
Because we conclude that trial counsel was ineffective, we are compelled to reverse and remand with directions for the trial court to allow Broomfield the opportunity to withdraw his pleas.
Reversed and remanded.
ALTENBERND and GREEN, JJ., concur.
NOTES
[1] The trial judge who accepted the negotiated pleas was the same judge who conducted the hearing on the motion for postconviction relief.