814 So.2d 1109 (2002)
Dale E. SWATMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 2D02-154.
District Court of Appeal of Florida, Second District.
April 3, 2002.
*1110 STRINGER, Judge.
Dale E. Swatman challenges the order of the trial court summarily denying his motion filed pursuant to Florida Rule of Criminal Procedure 3.850. Swatman raised several claims in his motion. We affirm the trial court's order; however, our affirmance is without prejudice to any right Swatman might have to file a facially sufficient claim, pursuant to rule 3.850, to withdraw his pleas on the ground that they were involuntarily entered.
The plea form in this case reflects that Swatman agreed to plead to five counts of the lesser included charge of attempted capital sexual battery, one count of lewd and lascivious conduct, and one count of felony child abuse in exchange for a sentence of fifteen years' prison followed by ten years' probation. The plea form was dated August 1999; however, Swatman did not enter his pleas until February 2001. According to Swatman's motion, he was receiving care for his mental health problems in the interim. The trial court's attachments show that before entering the pleas, Swatman was found to be mentally competent to proceed.
In his motion Swatman claimed that he did not understand the nature of the pleas because he was under the influence of psychotropic medications when he entered them. The trial court did not attach the plea colloquy or any other portions of the record to refute this claim. Instead, the trial court denied the claim based on certain statements contained in Swatman's motion. For example, in this claim in Swatman's motion, he stated he did not remember anything about the pleas, including the name of his attorney. However, the trial court correctly found that in an earlier claim Swatman had not only provided the name of his attorney, but also the name of the office where his attorney worked. Regardless, there is nothing to indicate that Swatman did not learn this information until after he had entered his pleas.[1] This may also be the case with the information Swatman provided with regard to his sentencing guidelines scoresheet. Swatman did allege in his motion that his attorney told him that if he did not plead, he could, if convicted as charged, receive five life sentences. This still does not refute Swatman's claim that he did not fully comprehend the pleas at the time he entered them since the plea form was signed in 1999, the plea was entered in 2001, and Swatman does not indicate when counsel made this statement.
However, even though the trial court did not attach any portions of the record that conclusively refute Swatman's claim, we affirm the trial court on this issue because Swatman did not allege that he would not have pleaded if he had understood the nature of the pleas. Thus he has not stated a facially sufficient claim. See McDowell v. State, 714 So.2d 606 (Fla. 4th DCA 1998). Our affirmance is without prejudice to any right Swatman might have to file a facially sufficient claim on *1111 this issue within sixty days of the date of the mandate in this case. If Swatman is able to file a facially sufficient claim and the trial court again denies it without an evidentiary hearing, the trial court must attach those portions of the record that conclusively refute the claim. We note that if Swatman is successful in withdrawing his pleas, the State may proceed on the original capital sexual battery charges.
Affirmed.
NORTHCUTT and CASANUEVA, JJ., Concur.
NOTES
[1] According to his motion, Swatman is no longer on psychotropic medications.