855 So.2d 1160 (2003)
Stanley COLLINS, Appellant,
v.
STATE of Florida, Appellee.
No. 1D02-4301.
District Court of Appeal of Florida, First District.
September 30, 2003.
*1162 Appellant Stanley Collins, pro se, DeFuniak Springs.
Charlie Crist, Attorney General, and Charlie McCoy, Assistant Attorney General, Tallahassee, for Appellee.
KAHN, J.
Appellant Stanley Collins filed a rule 3.850 motion for postconviction relief asserting nine grounds for relief based upon ineffective assistance of counsel. The trial court denied relief on appellant's first claim after an evidentiary hearing and summarily denied relief on the remaining eight claims. Collins brought this timely appeal and filed a brief challenging the summary denial of three claims. Collins does not seek reversal on the claim for which the evidentiary hearing was held, nor on the remainder of the summarily denied claims. Of the three claims appellant preserved, we find two facially insufficient and affirm the trial court's summary denial of those without discussion.
In the remaining claim, Collins asserts that his trial counsel rendered ineffective assistance by unnecessarily eliciting damaging testimony from a State's witness on cross-examination. At trial, appellant faced a charge of robbery of a gas station with a deadly weapon. In his rule 3.850 motion, he alleged that neither of the two clerks working at the gas station was able to identify him as the robber. He further alleged that only the back of the robber's head was shown in the gas station surveillance video. The error appellant complains of occurred during counsel's cross-examination of the arresting officer, a Jacksonville detective. According to the sworn motion, the detective did not identify the robber on direct examination, and little other evidence had been brought out to identify appellant as the robber. Nevertheless, trial counsel allegedly asked the detective whether he could identify the man in the surveillance video. At that point, the detective apparently responded that Collins was the man.
A facially sufficient claim of ineffective assistance of counsel must include allegations of fact showing deficient performance on the part of trial counsel and prejudice resulting from that deficient performance. See Cherry v. State, 781 So.2d 1040, 1048 (Fla.2000) (citing Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). Counsel's performance is deficient if it falls below "`an objective standard of reasonableness' based on `prevailing professional norms.'" Id. (quoting Strickland, 466 U.S. at 688, 104 S.Ct. 2052) Summary denial of an ineffective assistance of counsel claim raised in a rule 3.850 motion should be affirmed if the motion fails to state a facially sufficient claim or if the sworn allegations are conclusively refuted by the record. See Peede v. State, 748 So.2d 253, 257 (Fla.1999). Allegations not refuted by the record must be accepted as true. See id. If the claims are facially sufficient and not conclusively refuted by the record, the cause must be remanded for the trial court to either hold an evidentiary hearing or attach record portions conclusively refuting the appellant's allegations. See, e.g., Griner v. State, 774 So.2d 793, 794 (Fla. 1st DCA 2000).
*1163 Taking appellant's allegations as true, we cannot simply assume a reasonable set of circumstances under which a defense attorney would ask a police detective whether the person shown committing a crime on a surveillance tape was the defendant, when such testimony was not elicited by the State and neither of the victims was able to identify the defendant as the perpetrator. The trial court was similarly unable to articulate such circumstances. Perhaps trial counsel believed that the detective would answer that he could not identify Collins as the man shown on the tape. Nothing in the record attachments, however, supports a conclusion that such belief arose from discovery or actual knowledge of counsel. Moreover, we cannot ascertain that counsel impeached the detective upon receiving an unexpected answer. Because the trial court did not attach a transcript of the cross-examination of the detective, we cannot determine whether counsel's question, in context, fell within the objective standard of reasonableness.
Additionally, the sum of the record attachments will not support the trial court's finding that evidence regarding identity was "overwhelming" and, therefore, appellant was not prejudiced. The trial court pointed to the detective's testimony on direct examination to support its finding of no prejudice. The detective said he had viewed the video and the gunman was a male. He further testified that the owner of a car linked to the robbery saw the video and after that viewing, the detective obtained a warrant for appellant's arrest. This testimony, we conclude, falls short of overwhelming evidence of identity. Whatever inference the jury could have drawn from that testimony was surely bolstered by the positive identification proffered during the defense cross-examination. The trial court's record attachments are insufficient to negate any reasonable probability of a different outcome. See Strickland, 466 U.S. at 694, 104 S.Ct. 2052; Cherry, 781 So.2d at 1048.
Accordingly, we REVERSE on this issue and REMAND for the trial court to either attach portions of the record conclusively showing that appellant is not entitled to relief or hold an evidentiary hearing. We AFFIRM the order in all other respects. AFFIRMED in part; REVERSED in part; and REMANDED.
WEBSTER, and DAVIS, JJ., concur.