862 So.2d 935 (2004)
Gene R. SZEREMI, Appellant,
v.
STATE of Florida, Appellee.
No. 2D03-2315.
District Court of Appeal of Florida, Second District.
January 14, 2004.
*936 STRINGER, Judge.
Gene R. Szeremi seeks review of the trial court's summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Szeremi's motion raised seven claims for relief, and the trial court properly rendered a summary denial on all claims but one. Szeremi's argument in claim six that his plea was involuntary because of his mental condition at the time he entered the plea merits a hearing. Accordingly, we reverse the summary denial of claim six. We affirm the summary denial of claims one through five and seven without comment.
In claim six of his motion, Szeremi argues that his plea was involuntary because he suffers from a developmental disability and was under the influence of psychotropic medication at the time he entered the plea. If true, this could constitute grounds to withdraw the plea. Rivera v. State, 746 So.2d 542, 542 (Fla. 2d DCA 1999); Rodriguez v. State, 652 So.2d 1232, 1233 (Fla. 2d DCA 1995). When a defendant asserts a facially sufficient claim that his plea is involuntary because of his mental condition at the time he entered the plea, the court may summarily deny the claim only if the record conclusively refutes the defendant's allegations. Rivera, 746 So.2d at 542; Campbell v. State, 488 So.2d 592 (Fla. 2d DCA 1986).
The record provided to this court does not conclusively refute Szeremi's allegations that his plea was involuntary. The record establishes that, in February 2000, the trial court found Szeremi incompetent to proceed with trial and involuntarily committed him to the Department of Children and Families ("DCF"). In July 2000, DCF submitted a competency evaluation to the court which stated that Szeremi was competent to stand trial. Szeremi entered a nolo contendere plea on June 17, 2002. At the change of plea hearing the court conducted the following examination of Szeremi:
THE COURT: Mr. Szeremi, you're taking a couple [of] medications, Sinequan and Thorazine.
THE DEFENDANT: Yes, sir.
THE COURT: Are you taking those in such quantities that they significantly affect your reasoning or thinking ability?
THE DEFENDANT: Yes, sir. Sometimes I think I'm Jesus Christ and sometimes I think I'm the Antichrist.
THE COURT: How about right now?
THE DEFENDANT: I feelI feel hallucinated [sic] and stuff. I didn't take my medication this morning. The only thing I took was my blood pressure medication.
THE COURT: Okay.

*937 THE DEFENDANT: Judge
THE COURT: You're not under the influence of the mind altering drugs at this time?
THE DEFENDANT: No, but I took a strong dose last night, though.
THE COURT: Okay.
THE DEFENDANT: It usually goes for 24 hours and stuff like that.
THE COURT: But you understand what we're doing here today?
THE DEFENDANT: I think so, yeah.
[DEFENSE COUNSEL]: Judge, I asked him about that this morning because I was curious and I wanted to make sure that he was on the proper dose. And I guess that he did not take his dosage this morning so that his mind would not be cloudy, and I can understand that. And I've had dealings with him over the last few years.
And I think that's similar to some of my other clients, that sometimes they won't take it that morning. I'm assuming since he's been taking it in regular doses, it would build up in his system to the extent that it should be satisfactory for today. I don't have a medical degree, but just experience in dealing with other clients.
THE COURT: You've been taking it [the medication] for quite a while, Mr. Szeremi; do you agree with that?
THE DEFENDANT: No.
THE COURT: You don't agree with that?
THE DEFENDANT: I don't know what to agree.
THE COURT: What I'm trying to find out is if you know what you're doing here today?
THE DEFENDANT: I think so.
(Court proceeds with guilty plea hearing.)
Szeremi's responses to the court's questioning clearly demonstrate Szeremi's confusion during the proceeding. Szeremi was also under the effects of psychotropic medication. Although he had not taken his medication the morning of the plea hearing, Szeremi stated during the hearing that he had taken "a strong dose" the night before and that the medication "goes for 24 hours." Additionally, Szeremi responded affirmatively when the court asked whether the medication was affecting his reasoning. In fact, he said that he felt "hallucinated."
In light of Szeremi's earlier determination of incompetence, his apparent confusion during the colloquy, and the fact that Szeremi was to some degree under the influence of psychotropic medication, the record before this court does not sufficiently refute Szeremi's claim for postconviction relief. Cf. Campbell, 488 So.2d at 592 (reversing summary denial of postconviction motion when the defendant was on medication and the plea colloquy did not refute his allegations that his plea was involuntary). Accordingly, we reverse and remand for an evidentiary hearing on claim six of Szeremi's motion.
Affirmed in part; reversed in part; and remanded.
WHATLEY and SALCINES, JJ., Concur.