934 So.2d 662 (2006)
Kevin R. BALKO, Appellant,
v.
STATE of Florida, Appellee.
No. 2D06-1324.
District Court of Appeal of Florida, Second District.
August 4, 2006.
*663 ALTENBERND, Judge.
Kevin R. Balko appeals the trial court's order summarily denying his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Although the trial court was confused about the exact allegations in Mr. Balko's handwritten motion, it correctly decided that the motion was successive and facially insufficient.
On July 19, 2004, Mr. Balko pleaded guilty to two counts of attempted sexual battery and two counts of lewd and lascivious molestation. The trial court sentenced him to terms of imprisonment totaling forty years. He did not appeal his judgments and sentences.
Mr. Balko filed this motion in June 2005, alleging that his counsel was ineffective because he failed to properly investigate Mr. Balko's assertion that he "may" have been under the influence of a drug at the time he confessed to these crimes on September 30, 2003. His allegations are somewhat confusing, but coupled with the attachments to his motion it appears that Mr. Balko had been admitted to the Suncoast Endoscopy Center for an outpatient procedure on September 29, 2003, the day before his confession. Prior to the procedure, he was anesthetized with a drug identified as "Versed," a brand-name for a drug generically referred to as midazolam.
Mr. Balko does not allege that he told his lawyer about the outpatient surgery or that his lawyer had any reason to know that he had received medication on the day preceding his confession. Mr. Balko does not allege that he was actually impaired by the medication at the time of his confession. Nothing in the medical literature that he attaches to his motion would suggest that the drug's effects had not worn off long before his interview with the police.
The trial court denied the motion as both successive and facially insufficient. The trial court attached several orders denying earlier motions under rule 3.850 to its order. Mr. Balko argues that his motion should be considered because he did not discover evidence concerning the exact drug used as anesthesia until recently. Two of the earlier motions, however, were filed after he received the information on the effects of Versed. Moreover, there is no question that Mr. Balko knew, even before his confession, that he had had the surgical procedure involving anesthesia on the preceding day. Mr. Balko has established no basis requiring the trial court to accept this successive motion. See Collins v. State, 855 So.2d 1160, 1162 (Fla. 1st DCA 2003).
Even if the motion were not successive, it was facially insufficient. From the trial court's order, it appears that the trial court thought that Mr. Balko was alleging that he was under the influence of these drugs at the time of his plea. See Mungen v. State, 932 So.2d 1229 (Fla. 2d DCA 2006); Rivera v. State, 651 So.2d 814 (Fla. 2d DCA 1995). Despite this confusion, *664 Mr. Balko does not allege a factual basis to establish that his counsel had information requiring him to investigate this issue or that the failure to investigate this issue was prejudicial to him. Accordingly, we affirm the trial court's order.
Affirmed.
SALCINES and DAVIS, JJ., Concur.