NORTHCUTT, Judge.
Shannon Gould appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. The circuit court denied Gould’s motion in the belief that it was successive. The court was mistaken. Therefore, we reverse and remand for further proceedings.
In his rule 3.850 motion, Gould alleged four ineffective assistance of counsel claims. The postconviction court, relying on Vining v. State, 827 So.2d 201, 213 (Fla.2002), denied Gould’s motion as successive because Gould had previously filed a motion alleging that his counsel was ineffective for failing to file a direct appeal.
However, “[a] motion for post-conviction relief filed solely for the purpose of obtaining a belated appeal does not render a subsequent post-conviction relief motion successive when the latter motion alleges ineffective assistance of counsel based on other grounds.” Reed v. State, 768 So.2d 1239, 1239 (Fla. 3d DCA 2000); Owens v. State, 721 So.2d 1210, 1211 (Fla. 1st DCA 1998); Kiser v. State, 649 So.2d 333, 334 (Fla. 1st DCA 1995). Gould’s January 5, 2004, petition was filed solely for the purpose of obtaining a belated appeal in circuit court case CF-02-03433A-XX. Gould’s June 15, 2006, rule 3.850 motion alleged four ineffective assistance of counsel claims based on other grounds. Therefore, Gould’s June 15, 2006, rule 3.850 motion is not successive.
Accordingly, we reverse the postconviction court’s order and remand for the post-conviction court to reconsider the June 15, 2006, rule 3.850 motion.
Reversed and remanded.
CASANUEVA and VILLANTI, JJ„ Concur.