PER CURIAM.
Terence R. Davis appeals an order summarily denying his motion for postconviction relief, filed pursuant to rule 3.850, Florida Rules of Criminal Procedure. We affirm the denial as to his first ground for relief but reverse the denial as to the second ground, and remand for an evidentiary hearing or the attachment of record excerpts that conclusively refute his allegations.
In Appellant’s first ground, he alleged that prior to the entry of his plea, he was housed in the jail cell block reserved for inmates taking psychotropic drugs, that counsel knew he was under the influence of drugs at the time he entered his plea, and that counsel was ineffective for allowing Appellant to accept a plea while under the influence of drugs or alcohol. Aside from the fact that he did not quite allege that he in fact was under the influence of drugs or alcohol at the time he entered his plea, he also did not allege anywhere in the motion that he did not know what he was doing or *275 did not understand the proceedings as a consequence of being under the influence. Therefore, this ground was legally insufficient and was properly denied.
Appellant pleaded guilty to three counts, on each of which he was sentenced as a habitual violent felony offender to a minimum mandatory term. In his second ground, he alleged counsel was ineffective for failing to inform him of the consequences of entering the plea, including failing to inform him of the minimum mandatory penalties. He stated that he would not have entered the plea but would have gone to trial had he been informed of the consequences and asked to be allowed to withdraw his plea. This is a facially sufficient claim.
The state’s response, incorporated by reference into the order of denial, attached a transcript of the change of plea hearing during which the prosecutor advised the court that Appellant had been served with a notice of intent to seek habitualization, and the maximum term was discussed, but the transcript included no discussion that showed Appellant understood the consequences of habitualization, including the mandatory minimum terms that would be required if he were habitualized as a habitual violent felony offender. Nevertheless, it was the state’s position in responding both to the motion and to this court’s order to show cause that no prejudice could have resulted from defense counsel’s alleged failure to advise Appellant about the consequences of his plea, because the trial court had sufficiently explained the consequences during the plea colloquy.
Defense counsel has the responsibility of advising the defendant of “all pertinent matters bearing on the choice of which plea to enter and the particulars attendant upon each plea and the likely results thereof.” See Fla. R.Crim. P. 3.171(c)(2)(B). Despite the state’s arguments, the transcript does not show that any prejudice that may have been the result of counsel’s failure to explain the possibility was cured by the trial court; there is no indication in the change of plea transcript that the trial court, in accepting Appellant’s plea, complied with that portion of rule 3.172(c)(1) which requires the trial court to determine that the defendant understands “the mandatory minimum penalty provided by law, if any.”
In Ashley v. State, 614 So.2d 486, 490 & n. 8 (Fla.1993) the supreme court held that for defendant to be habitualized following a plea, the court must confirm that the defendant is personally aware of the reasonable consequences of habitualization, including, in case habitual violent felony offender provisions are applicable, the mandatory minimum term. Failure to comply with this procedure may entitle a defendant to withdraw his plea. See Thompson v. State, 706 So.2d 1361 (Fla. 2d DCA 1998) (vacating sentence and directing appellant be given opportunity to withdraw plea and proceed to trial, based on trial court’s failure to advise appellant of consequences of habitualization when accepting plea, though court told him he was eligible for habitualization and informed him of maximum habitual offender term for each offense); Saling v. State, 705 So.2d 937 (Fla. 2d DCA 1997) (reversing in part summary denial of postconvietion motion alleging plea involuntary because defendant was not informed habitualization would prevent his participation in early release programs and defendant would not have entered plea had he known, where transcript indicated defendant was not informed of consequences of habitu-alization other than that he could be sentenced to life in prison); Golden v. State, 703 So.2d 1207 (Fla. 1st DCA 1997) (reversing summary denial of rule 3.850 motion as to ground alleging counsel was ineffective and trial court erred in failing to inquire whether appellant understood significance and reasonable consequences of habitualization, including maximum penalty and ineligibility for certain gain-time and early-release credits); Hills v. State, 671 So.2d 223 (Fla. 1st DCA 1996) (affirming portion of summary denial of postconviction motion claiming defendant was not informed of requirement of minimum mandatory sentences because conclusively refuted by record, but reversing in part because attachments did not refute claim that counsel did not inform defendant that habitual violent felony offender sentence would preclude him from receiving basic gain-time); Byrd v. State, 643 So.2d 1209 (Fla. 1st DCA 1994) (reversing denial of motion to withdraw *276 plea because trial court failed to determine whether appellant was aware of maximum penalty or mandatory minimum penalty).
As the record attachments do not refute the allegations of Appellant’s second ground, we reverse as to that ground and remand for an evidentiary hearing or the attachment of additional record excerpts conclusively refuting it.
Affirmed in part, reversed in part, and remanded for further proceedings.
DELL, GUNTHER and STEVENSON, JJ., concur.