WOLF, J.
Appellant filed a rule 3.850, Florida Rules of Criminal Procedure, motion which was summarily denied by the trial court. The motion raised three grounds, two of which we find were properly denied. We do find, however, that the trial court erred in summarily denying the third ground for relief, that appellant was under the influence of psychotropic medication at the time she entered her plea.
The trial court denied appellant’s motion attaching a portion of the transcript of the plea conference and cited to Davis v. State, 716 So.2d 274 (Fla. 4th DCA 1998). We find that neither the transcript nor the cited case supports the summary denial.
The portion of the transcript attached by the court does not indicate that appellant was asked if she was aware of the consequences of her plea or whether she was taking any medication. Cf. Bond v. State, 695 So.2d 778 (Fla. 1st DCA 1997) (denial proper where record reflected defendant’s written statement that he was not under drugs at time of entrance of the plea). In Davis, the court held that the defendant’s allegations as to being under the influence of drugs at the time of the plea were insufficient in that “he did not quite allege that he in fact was under the influence of drugs or alcohol at the time he entered his plea, he also did not allege anywhere in the motion that he did not know what he was doing or did not understand the proceedings as a consequence of being under the influence.”
In the instant case, appellant specifically alleges in her sworn memorandum of law that
Defendant was under the influence of psychotropic medications. She was not competent to know the consequences of that plea and must not be induced by promises, threats or coercion.
[[Image here]]
Defendant was unable to comprehend the nature of consequences of her plea due to being on antidepressant medication.
Under these circumstances, we are required to reverse as to ground three and remand for an evidentiary hearing or the attachment of additional record excerpts conclusively refuting these allegations. See McDowell v. State, 714 So.2d 606 (Fla. 4th DCA 1998) (reversing summary denial based on similar allegations).
Affirmed in part, reversed in part, and remanded for further proceedings.
BARFIELD, C.J., and ERVIN, J., concur.