PER CURIAM.
Robert Libertelli appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm in part, reverse in part, and remand.
On September 23, 1997, Libertelli pleaded guilty to violation of community control and was sentenced to one year and one day in prison. Libertelli now asserts that his plea was involuntary and he should be permitted to withdraw it. Libertelli claims that he was addicted to cocaine at the time of his arrest and was denied treatment for the approximately twenty days that he was held prior to arraignment. He asserts that his untreated addiction caused him not to understand fully the effects of his plea, including his right to a jury trial.
The plea colloquy reflects that the trial court made no inquiry as to Libertelli’s mental status or use of drugs. In fact, the plea colloquy was quite abbreviated and does not serve to refute Libertelli’s allegations. See Williams v. State, 685 So.2d 1317 (Fla. 2d DCA 1996) (reversing trial court’s summary denial of motion for post-conviction relief when attachments to trial court order, including plea colloquy, did not conclusively refute defendant’s claim that the influence' of psychotropic medication rendered his plea involuntary). Because Libertelli’s claim is not refuted by the attachments to the order denying relief, we reverse this portion of the order and remand for an evidentiary hearing.
Libertelli’s remaining claim is without merit and the trial court’s order is affirmed in all other respects.
Affirmed in part, reversed in part, and remanded for further proceedings in accordance with this opinion.
THREADGILL, A.C.J., and FULMER and DAVIS, JJ., Concur.