801 So.2d 989 (2001)
Daniel S. BARNES, Appellant,
v.
STATE of Florida, Appellee.
No. 1D01-2429.
District Court of Appeal of Florida, First District.
December 12, 2001.
Daniel S. Barnes, Pro Se.
Robert A. Butterworth, Attorney General, and Trisha E. Meggs, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
The appellant challenges the summary denial of his Florida Rule of Criminal Procedure 3.850 motion for postconviction relief. In his motion the appellant alleged that he was on medication when he entered his plea, and that this medication and his mental illness made him unable to understand the consequences of the plea, so as to render it involuntary. The appellant also alleged that counsel was aware of but did not inform the court of these circumstances. In denying the rule 3.850 motion the trial court referred to the written plea agreement and the plea colloquy, determining that these materials refuted the appellant's claim. However, the plea agreement does not suffice in this regard in itself, and there was no inquiry or discussion during the plea colloquy as to medication or mental illness. The appellant's claim is facially sufficient, and is not refuted by these attachments to the order denying *990 relief. See Libertelli v. State, 750 So.2d 138 (Fla. 2d DCA 2000); Payne v. State, 747 So.2d 1070 (Fla. 1st DCA 2000); Rivera v. State, 746 So.2d 542 (Fla. 2d DCA 1999). The summary denial of the Rule 3.850 motion is therefore reversed, and the case is remanded.
ALLEN, C.J., BOOTH and BENTON, JJ., CONCUR.