PER CURIAM.
The appellant challenges the trial court’s order summarily denying his postconviction motion filed pursuant to Florida Rule of Criminal Procedure 3.850. We reverse *629 with respect to the appellant’s first claim for relief, and affirm the denial of the remainder of the appellant’s claims without discussion.
On October 16, 2001, the appellant entered a plea pursuant to a negotiated plea agreement, which resolved several cases. The appellant alleges that at the time he entered his plea, he was taking a prescribed psychotropic medication, which impaired his ability to understand the consequences of his plea. The appellant provided a copy of an inmate medication log indicating that he consumed the prescribed medication at 10:00 p.m., on the evening before the plea hearing, and again at 8:00 a.m., and 12:00 p.m., on the day of the plea hearing. Nevertheless, the trial court summarily denied the claim because the plea hearing transcript established that there was an inquiry into the voluntariness of the appellant’s plea. However, the plea colloquy does not reflect that the trial court ever inquired into whether the appellant was under the influence of any drugs or medication. Thus, the trial court erred in summarily denying the appellant’s claim. See Barnes v. State, 801 So.2d 989 (Fla. 1st DCA 2001); Libertelli v. State, 750 So.2d 138 (Fla. 2d DCA 2000).
Accordingly, we reverse the trial court’s order with respect to the appellant’s first claim, affirm the trial court’s order with respect to the remainder of the appellant’s claims, and remand the cause to the trial court for further consideration.
REVERSED IN PART, AFFIRMED IN PART, and REMANDED.
BARFIELD, KAHN and HAWKES, JJ., concur.