# Third District Court of Appeal

**State of Florida**

Opinion filed March 16, 2016.

_____

No. 3D15-1349
Lower Tribunal No. 13-10564

_____

**Ronald Devers,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Rodney Smith, Judge.

Ronald Devers, in proper person.

Pamela Jo Bondi, Attorney General, and Jacob Addicott, Assistant Attorney General, for appellee.

Before SUAREZ, C.J., and EMAS and FERNANDEZ, JJ.

<u>On Confession of Error</u>

SUAREZ, C.J.

Upon the state's laudable confession of error, this case is reversed and remanded in order for the lower court to either hold an evidentiary hearing or to attach portions of the record that conclusively refute Appellant's claims.

As conceded by the state, Appellant's Florida Rule of Criminal Procedure 3.850 motion challenged the voluntariness of his plea, a claim properly cognizable in a 3.850 motion. Mikenas v. State, 460 So. 2d 359 (Fla. 1985). As a result, the trial court was required to attach evidence conclusively refuting such a claim. See, e.g., Barnes v. State, 124 So. 3d 904, 915 (Fla. 2013); Barnes v. State, 801 So. 2d 989 (Fla. 1st DCA 2001) (reversing summary denial of 3.850 motion where defendant alleged plea was involuntary due to mental illness and court failed to attach documents that conclusively refuted his claims); Young v. State, 789 So. 2d 1160, 1162 (Fla. 5th DCA 2001) ("absent a transcript of the plea hearing, Young's claim that his plea was unknowing has not been conclusively refuted by the record. Thus, as to this claim, we reverse and remand for further proceedings.").

Moreover, because Appellant's claims must be taken as true, Appellant was entitled to the presumption of incompetency. Alexander v. State, 380 So. 2d 1188, 1190 (Fla. 5th DCA 1980) (once adjudicated incompetent, a hearing on whether competency has been restored cannot be waived); King v. State, 387 So. 2d 463, 464 (Fla. 1st DCA 1980) ("In Florida, if a person is adjudicated to be mentally incompetent, it is presumed he continues to be so until it is shown his sanity has returned"). Moreover, this presumption shifts the burden of proving competency to the state. Wells v. State, 98 So. 2d 795 (Fla. 1957). In its initial response below, the state failed to address the question of incompetency. Upon remand, the

2

trial court should require the state to adequately respond to Appellant's claims of incompetency.

Accordingly, we reverse and remand for the trial court to consider Appellant's claims of incompetence under the presumption of incompetence and to provide evidentiary support for its conclusions on those claims.

Reversed and remanded.