948 So.2d 911 (2007)
Leonardo GOMEZ, Appellant,
v.
STATE of Florida, Appellee.
No. 2D06-3660.
District Court of Appeal of Florida, Second District.
February 14, 2007.
*912 WHATLEY, Judge.
Leonardo Gomez appeals the summary denial of his motion for postconviction relief and supplemental motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm in part and reverse in part.
On October 13, 2005, Gomez filed a timely rule 3.850 motion raising five claims for relief. On November 16, 2005, the postconviction court ordered the State to respond to Gomez's rule 3.850 motion. The State filed its response on January 9, 2006, and Gomez filed a reply to the State's response on January 30, 2006. On February 6, 2006, Gomez filed a timely supplement to his rule 3.850 motion adding two new claims for relief. On June 22, 2006, the postconviction court summarily denied Gomez's rule 3.850 motion but apparently failed to rule on Gomez's supplemental motion.
In order to determine with certainty whether an order was issued on Gomez's supplemental motion, we ordered a response from the clerk's office with specific instructions to indicate to this court whether a separate order had been entered on Gomez's supplemental motion. However, the clerk's office failed to comply with our order in this regard. Subsequently, we issued a second order for a supplemental response from the clerk's office which the clerk's office also failed to completely answer. Based on the limited record before this court and the responses we have received to our inquiries, we can only assume that no order has been entered. Accordingly, we affirm the summary denial of Gomez's rule 3.850 motion. However, we reverse the order with respect to Gomez's supplemental motion, and we remand for the postconviction court to consider such. On remand, the postconviction court must determine whether Gomez's claims are facially sufficient and, if so, must either attach portions of the record to its order demonstrating that Gomez is not entitled to relief or conduct an evidentiary hearing.
Affirmed in part, reversed in part; and remanded.
SALCINES and CANADY, JJ., Concur.