PER CURIAM.
Michael Melvin Schrack appeals the summary denial of his motion for post-conviction relief and amended motion for *986 post-conviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We remand for the trial court to rule on claims 10, 13 and 14. In all other respects, we affirm the denial of the motions.
On September 19, 2002, Schrack filed a timely rule 3.850 motion raising eight claims for relief. After the State’s response and Schrack’s reply, the trial court entered an order summarily denying relief on grounds 1, 2, 3 and 8, and granting an evidentiary hearing on grounds 4 through 7. On September 24, 2003, Schrack filed an amended motion for post-conviction relief adding grounds 9 through 14. Thereafter, the trial court entered an order summarily denying claims 1, 2, 3, 8, 9, 11 and 12, granting an evidentiary hearing on claims 4 through 7, 10 and 13, and reserving ruling on claim 14 (in which Schrack argued cumulative error). The evidentiary hearing was held in July 2004, and the trial court made its oral ruling on March 31, 2005.
In this appeal, Schrack argues in part that the trial court failed to rule on claims 10, 13 and 14 — either at the oral pronouncement or in the subsequent written order. The State does not dispute this, but contends that Schrack waived these claims because post-conviction counsel never objected to the trial court’s ruling as incomplete. We disagree with the State. A trial court order that does not address all of the claims for post-conviction relief will be remanded for entry of an order that does. See Barber v. State, 851 So.2d 911 (Fla. 3d DCA 2003); Currelly v. State, 801 So.2d 1000 (Fla. 2d DCA 2001); see also Gomez v. State, 948 So.2d 911 (Fla. 2d DCA 2007) (affirming summary denial of defendant’s rule 3.850 motion, but reversing with respect to supplemental motion— which the trial court apparently failed to rule on — and remanding for post-conviction court to consider such). We therefore remand so that the trial court may address claims 10, 13 and 14 of Schrack’s amended post-conviction motion.
We affirm all other issues raised on appeal without further discussion.
STONE, SHAHOOD and MAY, JJ„ concur.